Temple *v.* Pennsylvania Department of Highways et al., Appellants.

Argued October 1, 1971.   Before JONES, EAGEN, O'BRIEN, POMEROY and BARBIERI, JJ.

*John T. Owens,* Assistant Attorney General, with him *Thomas E. Roberts,* Assistant Attorney General, *Harvey R. Robinson,* Special Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellants.

*Ewing B. Pollock,* with him *James B. F. Rinehart,* for appellee.

OPINION BY MR. JUSTICE BARBIERI, December 20, 1971:

In this workmen's compensation case we granted an appeal from the Superior Court's action in affirming a lower court order which dismissed the employer

and insurance carrier's appeal from the Workmen's Compensation Board. The Board had affirmed a referee's order that appellants, Pennsylvania Department of Highways and State Workmen's Insurance Fund, insurance carrier for the Pennsylvania Department of Highways, pay compensation for 50 per cent partial disability to the claimant, David L. Temple, appellee herein.

Although a question has been raised as to whether or not the claimant's disability, dating from February 23, 1965, was due to an accident, this issue is not pressed here. If not abandoned, the accident question is clearly without merit on the facts in the record.

The relevant issue for our review is whether or not the State Workmen's Insurance Fund, insurance carrier for the Pennsylvania Department of Highways, should be relieved of its obligation to pay the partial disability compensation ordered during the 41½ days immediately following the accident, because of credit claimed by it for payments to the claimant by the Department of Highways of wages due him as sick leave during that period.

The factual circumstances are pertinent. The accident occurred on February 23, 1965. The State Workmen's Insurance Fund denied liability on the ground that the claimant had not suffered an accident. No hearing before a referee was held until January 21, 1966. In the meantime, claimant was offered his sick leave wages to which he was entitled under his contract of employment. He chose to take the sick leave which covered the period of 41½ days. Apparently, he still has not received any of the workmen's compensation due him quite aside from the disputed 41½ days in question, probably because of the extended litigation.

Now, before us is solely the State Workmen's Insurance Fund's contention that all of the preceding au-

thorities who have passed upon this case have erred in failing to allow the credit claimed for the brief partial disability period in question. To support its position the State Fund relies principally upon the Superior Court case of *Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 38 A. 2d 337 (1944). *Creighton* was, in substance, based upon our last pronouncement on this subject in the 1921 case of *Chase v. Emery Mfg. Co.*, 271 Pa. 265, 113 A. 840 (1921). We have examined all of appellant's authorities and conclude that *Creighton* is not controlling and that *Chase* does not support defendants' contention.

It is true that *Creighton* holds that "when an employe is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employe regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employe's incapacity to labor, on its being determined that the employe is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable." (Emphasis the Court's). In addition to several Superior Court cases cited in *Creighton* as supporting the statement quoted, our *Chase* case is also noted as an authority in support of the holding.

First of all, we do not have *total* disability here, nor do we have sick or accident benefits, but actually have "wages or salary for work performed", because sick leave like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed. The payments in *Creighton* and those in *Chase* were definitely not inci-

dents to wages earned for the performance of job duties, but were payments specifically "in lieu of compensation".

It is urged strenuously that even though sick leave and vacation pay are available to workers regardless of whether or not they are injured in the line of duty, the "available sick leave" payments in this case must be accepted in lieu of compensation during the work related disability, even though "available vacation pay" could not be charged off against workmen's compensation. This contention and the different treatment for such similar types of absentee pay is based by the appellants upon the fact that the Department of Highways required and obtained the signature of claimant to a paper entitled "EMPLOYE'S CHOICE OF DISABILITY BENEFITS", in which he adopted an option to take available sick leave while waiting for his compensation payments to be made. This, it is urged waived his right to compensation for the period because of a clause in this so-called option agreement which reads: "Workmen's Compensation and sick leave pay may not be paid to me for the same period of absence. It is permissible to receive Workmen's Compensation and vacation pay for the same period."

We need not decide whether or not there is a sensible reason for the difference in the treatment by the Department of Highways of sick leave and vacation pay with regard to workmen's compensation payments, because there can be no question that the agreement in question, insofar as it runs counter to the payment provisions of the workmen's compensation laws is null and void under the terms of Section 407 of the Workmen's Compensation Act.[1] That Section provides in pertinent part as follows: ". . . any agreement . . . varying the

---

[1] Act of June 2, 1915, P. L. 736, Art. IV, §407, as amended, 77 P.S. §731.

amount to be paid for the period during which compensation shall be payable as provided in this act, shall be wholly null and void. It shall be unlawful for any employer to accept a receipt showing the payment of compensation when in fact no such payment has been made."

It must be remembered that this employe gave up his available sick leave pay for the 41½ day period, so that had he returned to his duties at the end of that period, under the insurance carrier's view in this case it would have paid him nothing for his disability. Yet, claimant would have lost his sick leave which would otherwise have been available to him for nonwork-incurred disabilities which may have occurred thereafter. We have no hesitation in holding that such a construction of the workmen's compensation laws was never intended by the Legislature. Actually, the provision which is relied upon to support the so-called "in lieu of compensation" credits as against workmen's compensation payments is in Section 315 of the Act,[2] which is actually only a statute of limitations provision as to the time for commencement of actions. This section provides for tolling the limitation on initiating claims with the following language: "Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of filing such petition: . . .". In order to allow for tolling when payments are made other than the "compensation" as provided in the Act, the class of payments "in relief of the employee's incapacity to labor" as described in *Creighton* must be deemed to be payments "in lieu of compensation."[3] If actually in lieu of compensation, then of course, as we have stated

---

[2] Supra, footnote 1, 77 P.S. 602.

[3] 155 Pa. Superior Ct. at 173.

in *Chase,* allowing the credit against compensation due would be justified, "without prejudice to defendant's [employer's] right to recover this amount from the insurance carrier."[4] Thus, in *Chase,* referring to the above-quoted provision from Section 315 of the Act, we stated: "This section was placed in the act to prevent imposition on unwary employees; that is, to prevent money being paid for a period of time after an injury under some verbal arrangement, causing the employee to neglect presenting the agreement in some form as provided by law. The year[5] limitation, under the act, would begin to run from the last payment. On the other hand, employers should not be subjected to imposition through faked or unlawful claims, or claims for illness that have no causal connection with the injury received in the course of employment; therefore the act says 'payment of compensation,' which means an amount received and paid as compensation *for injury* or *death* of an employee occurring in the course of employment. *It must clearly appear the amounts were so paid and received as compensation under the act, and not as wages for employment, . . .".* (Emphasis added)

It is further stated in *Chase:* "In the case before us, it clearly appears in the evidence the sum allowed under the act was paid and received by the claimant as [workmen's] compensation, and the balance given as a gratuity."

Since the payments in this case were admittedly the sick leave portion of wages for services performed in the line of claimant's work duties, in the terms of *Chase* "wages for employment", they were properly excluded as a credit against unpaid workmen's compensation benefits.

---

[4] 271 Pa. at 270.

[5] Now 16 months.

Order affirmed.

Mr. Chief Justice BELL and Mr. Justice ROBERTS took no part in the consideration or decision of this case.