## Sick Leave—Workmen's Compensation

CREAMER, Attorney General, August 21, 1972.—You have asked what effect the case of Temple v. Pennsylvania Department of Highways, 445 Pa. 539 (1971), has on the following Executive Board of Regulation:

"A disabled employe may not receive sick leave and Workmen's Compensation benefits at the same time. 4 Pa. Code §35.83."

The Temple case held that it was unlawful for the State Workmen's Insurance Fund to deduct from the sum of disability compensation ordered to be paid to an employe of the Department of Highways all days of compensation for which the employe had received sick pay.

The court found that the Department of Highway's only justification for such a deductions that Section 315 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended, 77 PS §602, requires it, was inadequate and erroneous.

Section 315 of the act provides:

"Claims for compensation; when barred

"In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided in article four hereof. In cases of death all claims for compensation shall be forever barred, unless, within sixteen months after the death, the parties shall have agreed upon the compensation under this article, or unless, within sixteen months after the death, one of the parties shall have filed a petition as provided in article four hereof. Where, however, payments of com-

pensation have been made in any case, said limitations shall not take effect until the expiration of sixteen months from the time of the making of the most recent payment prior to date of filing such petition: Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations. As amended 1956, Feb. 28, P. L. (1955) 1120, §1."

The court found that section 315 of the act requires only that payments "in lieu of compensation" be deducted from Workmen's Compensation benefits. It then went on to hold that "sick leave like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed." Sick leave payments are not, therefore, "in lieu of compensation."

The court went on to say:

"It must be remembered that this employee gave up his available sick leave pay for the 41½ day period, so that had he returned to his duties at the end of that period, under the insurance carrier's view in this case it would have paid him nothing for his disability. Yet, claimant would have lost his sick leave which would otherwise have been available to him for nonwork-incurred disabilities which may have occurred thereafter. We have no hesitation in holding that such a construction of the workmen's compensation laws was never intended by the Legislature. 445 Pa. at 544."

There can be no other conclusion, therefore, then that the above-cited Executive Board Regulation is in direct conflict with both the letter and spirit of the Temple case. You are accordingly advised that 4 Pa. Code §35.83 is unlawful and should be formally rescinded immediately.