## Byron L. Clough, Appellant, *v.* Tax Review Board, Appellee.

Argued April 2, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Harry D. Shargel,* for appellant.

*Stewart M. Weintraub,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, and *Sheldon L. Albert,* City Solicitor, for appellee.

OPINION BY JUDGE CRUMLISH, JR., July 24, 1975:

Byron L. Clough (Appellant) began working for the Philadelphia Defense Personnel Support Center, a federal agency, in May of 1956. Prior to that, he had worked for a federal agency in New York. While in New York, Appellant accumulated 571 hours of sick leave provided by the Sick Leave Act of 1951, 5 U.S.C. §6301 et seq. From 1956 to August 1970, while employed in Philadelphia, he accumulated 1435 sick pay hours in addition to the earlier earned hours. In August 1970, Appellant was struck by a lightning bolt and went on disability retirement. From then until October 1971, Appellant received his regular salary rate, at which time his accumulated sick pay time expired.

The Philadelphia Department of Collections then assessed Appellant a deficiency for 1970 and 1971 for these payments. The 1971 assessment was paid, but the 1970 assessment was challenged in a petition for review filed with the Philadelphia Tax Review Board (Board). Following rejection by the Board, he appealed to the Philadelphia Court of Common Pleas for relief. It was there held that Appellant could not be assessed tax on sick pay which was not "earned" within the City and, therefore, sick leave pay accumulated for sick days which resulted from work in New York were non-taxable by the City of Philadelphia.

However, while the question of the 1970 tax was before the Board, Appellant made a claim for refund of the

previously paid 1971 tax on the grounds that sick leave pay is not taxable, regardless of the situs where it is earned. The Commissioner of Revenue, the Board and the Court of Common Pleas denied that claim. We affirm.

The tax at issue is captioned "Wage and Net Profits Tax" by the Philadelphia Code §§19-1500 to 19-1504. It is imposed upon "all salaries, wages, commission, bonuses, incentive payments, fees and tips that may accrue or be received by an individual . . . for services rendered, *but excluding:* (a) *periodical payments for sick* or disability *benefits* and those commonly recognized as old age benefits." (Emphasis added.) Philadelphia Code §19-1501 (8) (a).

The Revenue Commissioner has also promulgated an interpretive regulation which tells us of the meaning of Section 19-1501 (8) (a). That regulation Income Tax Regulations and Ordinances of Philadelphia §104 (a) (2) (Regulation) states:

> "Periodical payments received by an individual under a sickness or disability plan are not taxable. *Where, however, an employee shall receive the full amount of his regular salary from his employer, during a period of sickness or disability, by virtue of his contract of employment, such compensation shall be fully taxed."* (Emphasis added.)

Appellant poses three arguments for our determination:

1—Regulation §104 (a) (2) is invalid as an unauthorized exercise of the legislative function. Hence, Philadelphia Code §19-1501 (8) (a) is controlling and specifically excludes periodic payments for sick benefits.

2—If Regulation §104 (a) (2) is valid, is sick leave pay, paid in the method salary would be paid, given by virtue of the contract of employment?

3—If statutory sick leave benefits are to be included in the term "contract of employment," are sick leave benefits accrued by a non-resident of Philadelphia and

paid to such non-resident while sick outside the city, subject to the Wage and Net Profits Tax, Philadelphia Code §19-1500 et seq.?

Addressing the first of Appellant's contentions, we find no unauthorized exercise of the legislative function in the promulgation of Regulation §104(a)(2).

Section 1-104(4) of the Philadelphia Code provides, "[r]egulations may be issued by the appropriate agency, pursuant to §8-407 of the Charter, to implement any provisions of this Code." Section 1-103(1)(a) defines agency as, "[a]ny office, department, board, or commission of the City including any officer, employee, or other authorized representative thereof, other than the Council or the courts." To us, it is unmistakably clear that the Philadelphia Code provides machinery for appropriate agency authorities (here the Commissioner of Revenue) to promulgate regulations in implementation of the Code.

However, it is as clear that regulations promulgated by an administrative agency pursuant to statutory directive are invalid if they are contrary to the legislative intent of the statutory provision to which it relates. *Tyger & Karl Complete Water Systems Co., Inc. v. Commonwealth,* 5 Pa. Commonwealth Ct. 155, (1972).

To this end, Appellant argues that Regulation 104(a)(2), in limiting the exclusion from gross income to situations where the periodic sickness or disability *benefits,* (the term used in Section 19-1501(8)(a) arose from sickness or disability *plans* and limiting the exclusion to situations where receipt of the compensation is by virtue of a contract of employment, has irreconcilably destroyed the meaning of an ordinance clear on its face. Appellant apparently insists that Section 19-1501(8)(a) excludes all payments from whatever source, and for whatever purpose, related to the time an employee is sick. Appellee, on the other hand, contends that the regulation simply defines more precisely and interprets what City Council meant when it used the term sick

benefits in Section 19-1501(8)(a) by promulgating a regulation which limited the exclusion to "plan" benefits.

We are of the opinion that the regulation in issue is valid because it is interpretive rather than destructive of the ordinance. In essence, the Revenue Commissioner, by promulgating this regulation, has attempted to separate that compensation which one receives in lieu of salary which is therefore taxable, *see Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971), from those periodic payments received under sickness and disability plans which have as their purpose supplementing rather than replacing salary. Such a distinction is a sound one in light of a similar distinction drawn between sick benefits which are non-taxable, and sick leave which is taxable. In *Temple, supra,* Justice Barbieri stated "[f]irst of all, we do not have total disability here, nor do we have *sick* or accident benefits but actually have 'wages or salary for work performed,' because *sick leave like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed."* (Emphasis added.) *Temple, supra,* at 542, 285 A.2d at 139. Excluded from taxation by the regulation is compensation received by virtue of the contract of employment and included are those periodic payments received under a sickness plan. This taxable compensation is as distinct as the type of compensation contemplated by Justice BARBIERI when he used the term "sick leave."

Accordingly, we cannot invalidate Regulation 104(a)(2) by saying that it is an unauthorized exercise of the legislative function. Before we turn to the second issue, we consider the interpretation the court below gave to Section 19-1501(8)(a) when it construed it as an exemption to be strictly construed against the taxpayer. *See Four Freedoms House of Philadelphia, Inc. v. City of Philadelphia,* 443 Pa. 215, 279 A.2d 155 (1972). Our reading of that section and Regulation 104(a)(2) incident

thereto, obliges us to conclude that we are considering an exclusion,[1] and not an exemption; and, this being so, Appellant's burden of bringing himself within the exclusion is less difficult than were he establishing exempt status. *Tyger & Karl, supra.* However, regardless of the merits of the analysis of burden, Appellant simply did not even satisfactorily shoulder the lesser burden.

Next, Appellant argues that the condition in the regulation that the payments arise "by virtue of his contract of employment" was not met because in reality he was the beneficiary of statutorily prescribed benefits and not of contractual ones. Appellant apparently places the narrow construction of "written contract" upon the term contract of employment. Such a construction is unwarranted. That phrase, "contract of employment" means that the payment must arise by virtue of the employment relationship, which need not necessarily be evidenced by a written contract. Were we to hold otherwise, many governmental and other employees who work without a formalized contract but who have benefits such as those contemplated in the case before us now would be unnecessarily foreclosed.

An evenhanded interpretation of the phrase must lead to the conclusion that the Sick Leave Act, 5 U.S.C. §6301 et seq. is an implied term in the employment agreement between the Federal Government and Appellant, and so we find no merit in his contract of employment objection.

And, finally, Appellant's contention that the compensation in issue was not taxable because it was earned by

---

1. Section 19-1501(8)(a) states in relevant part:

"(8)   All salaries, wages, commission . . . *excluding*:

(a) periodical payments for sick or disability benefits. . . ."

(Emphasis added.)

and Regulation 104 is captioned "Exclusions From Gross Income." City Council and the Commissioner of Revenue could not have been more clear in defining the intention to have an exclusion, not an exemption.

a non-resident while working and residing outside the city limits must be rejected. Judge TAKIFF astutely observed:

> "Petitioner further contends that receipt is the taxable event and thus that he cannot be liable for monies received while he was neither a resident of nor working in Philadelphia. He notes that the Philadelphia Code (Sec. 19-1502) consonant with the Municipal Tax Authorization Statute (53 P.S. §15971), conditions taxation on working or living in Philadelphia.

> "From the point of view of taxable event, the occasion of either accrual or receipt is controlling. It is apparent from the record of the hearing before the Tax Review Board that the hours for which Petitioner was paid sick leave were accumulated in Philadelphia while Petitioner was working here. Sick leave, under the undisputed facts here present, was accrued and paid as a part of the employment contract and hence in fact and law was earned when accrued, notwithstanding the fact that payment was deferred."

For the foregoing reasons, the order of the court below is affirmed.

———

DISSENTING OPINION BY JUDGE KRAMER:

I respectfully dissent. My dissent is based upon my conclusion that regulation 104(a)(2) of the Income Tax Regulations of Philadelphia is inconsistent with section 19-1501(8)(a) of the Philadelphia Code (Code), and, hence, invalid.

The majority has recognized the principle that administrative regulations are invalid when they contravene the legislative intent of the statutory provisions they purport to implement. *Tyger & Karl Complete Water Systems Co., Inc. v. Commonwealth,* 5 Pa. Commonwealth Ct. 154 (1972). After acknowledging this principle, the

majority acquiesces, however, in the Revenue Commissioner's attempt, through regulation 104(a)(2), to limit the availability of the sickness benefit exclusion, which was granted in broad terms by the drafters of section 19-1501(8)(a). This section excludes, without qualification, "periodical payments for sick or disability benefits . . . . " The City Council did not limit this exclusion to benefits paid by a "sickness or disability plan." Neither did Council express any intention that an employe who receives "the full amount of his regular salary from his employer, during a period of sickness or disability, by virtue of his contract of employment" should be taxed. These qualifications are the product of the Revenue Commissioner, who, in promulgating regulation 104(a)(2), has encroached upon the legislative prerogatives of City Council. The Commissioner has no power to tax. Through this regulation he extends his grasp into an area which the Council has chosen not to reach for additional revenue.

I refer to the Council as *having chosen not to tax* sick and disability benefits because that is precisely the nature of a tax *exclusion,* which the majority concedes is present in this case. The majority opinion, however, after noting than an *exclusionary* provision is at issue, only mentions that "[a]ppellant's burden of bringing himself within the exclusion is less difficult than were he establishing exempt status." I believe that the *exclusion* at issue is entitled to more significance than the majority opinion allows. This Court recently discussed the effect of exclusionary language in taxing statutes in *Equitable Gas Company v. Commonwealth of Pennsylvania,* 18 Pa. Commonwealth Ct. 418, 422, 335 A.2d 892, 894 (1975), where we said:

"The legal consequences of the distinction between a tax exclusion and a tax exemption were set forth by our Supreme Court in Commonwealth v. Sitkin's Junk Co., 412 Pa. 132, 194 A.2d 199 (1963), wherein it was pointed out that only *exemptions* are to be

strictly construed against the taxpayer. *Exclusions* are items which are not intended to be taxed in the first place, and to the extent there is doubt about the meaning of the statutory language, such exclusionary provisions are to be construed against the taxing body." (Emphasis in original.)

*See also Alan Wood Steel Company v. Philadelphia School District,* 425 Pa. 455, 229 A.2d 881 (1967) and *Tyger, supra.*

Considering the broad, unqualified language of section 19-1501(8)(a) of the Code, the principle repeated in *Equitable Gas* means that the courts will not permit an administrative officer to extend the taxing power of the government by bureaucratic fiat, when an exclusion has been specifically granted by the taxing body. If the plain meaning of section 19-1501(8)(a) standing alone is not sufficient (which I believe it is), certainly the rule of construction noted above removes any serious doubt about the original intentions of the City Council.

These intentions, incidentally, were apparently clear enough in 1951 when section 19-1501(8)(a) was enacted. The ordinance was enacted on July 3, 1951, and, on July 12, 1951, the Commissioner issued new regulations which recited that "[p]eriodic payments received by an individual for sick or disability benefits are not taxable." In 1954, the regulation was revised to include the qualifications which are at issue in the instant case. Neither the record nor research discloses any intervening legislative events which would justify an interpretation of the ordinance consistent with the Revenue Commissioner's later view. Consequently, I would hold that the City Council meant what it said when it enacted section 19-1501(8)(a) of the Code. I would reverse.