George T. Steinle, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Borough of Yeadon and Pennsylvania Manufacturers' Association Insurance Company, Respondents.

Borough of Yeadon, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and George T. Steinle, Respondents.

242

Argued September 15, 1978, before Judges CRUM-
LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel
of three.

*Michael A. Paul,* with him *Richard, Brian, DiSanti
& Hamilton,* for George T. Steinle.

*Michael P. McKenna,* for Borough of Yeadon.

OPINION BY JUDGE WILKINSON, JR., October 24,
1978:

This case involves cross appeals by the petitioner
(claimant) and his employer, the Borough of Yeadon
(Borough), from an amended order of the Workmen's
Compensation Appeal Board (Board) which affirmed,

as modified, the referee's award of compensation to the claimant. We affirm.

On April 26, 1974, claimant, employed for 20 years as a police officer for the Borough, reported to work for the 4 p.m. to midnight shift, having been informed by officers of the day shift that incidents of racial violence had occurred at the high school and that other incidents were expected that night. As officer in charge of the shift, claimant requested his superiors add extra men, but to no avail. Anxious and apprehensive of serious racial violence, claimant began his routine patrol alone in a patrol car when about 7:30 p.m. he experienced severe chest pains and shortness of breath and began sweating profusely. He returned to headquarters to rest, but shortly thereafter drove himself to the hospital where he was admitted after an electrocardiogram was administered which indicated an abnormal coronary insufficiency. Claimant was hospitalized from April 26 to May 10, 1974; he was discharged with the diagnosis of "coronary insufficiency without atherosclerosis." On the advice of his physician, claimant has not returned to work.

For a period of 13 weeks after the April 26 incident, claimant received his full salary from the Borough minus deductions, having signed over to the Borough weekly accident and sickness benefits of $150 from the Borough's disability insurer. Thereafter, claimant received weekly checks from the Borough representing 75 per cent of his salary ($191.39). All of these payments were in accordance with the terms of a collective bargaining agreement between the police department and the Borough.

On October 16, 1974, claimant filed a petition for workmen's compensation benefits,[1] the Borough denied a compensable injury had occurred, and two hear-

---

[1] Pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

ings were subsequently held. The only testimony presented to the referee was that of the claimant, the claimant's treating physician and the Borough's medical witness who had examined the claimant about a year after the April 26 incident. Claimant's treating physician testified that claimant suffered from an ischemic heart condition and that on April 26 claimant had suffered what the physician described as an "almost heart attack" characterized by a spasm of the heart arteries which caused an insufficient supply of blood to the heart muscle. This condition, the physician testified, was caused by emotional stress engendered by the threat of racial violence that night; the physician further testified that these spasms would likely recur if claimant continued to be subject to the stressful conditions of police work. The referee concluded that claimant had suffered a coronary insufficiency caused by the emotional stress of the events of April 26 and found claimant was totally disabled as a result.

On appeal, the Board affirmed the referee's determination of a compensable injury, but found the referee erred in refusing to allow credit for payments already made by the Borough to the claimant and for payments for medical expenses paid by Blue Cross and Blue Shield, and accordingly modified the referee's order. In No. 1739 C.D. 1977, the claimant appeals that portion of the Board's order which amends the award. In No. 1789 C.D. 1977 the Borough has appealed the Board's determination of a compensable injury.

## No. 1739 C.D. 1977

Claimant asserts he is entitled to an award for medical expenses and workmen's compensation benefits in addition to payments and benefits received from the Borough and its sickness and accident in-

surers because since these benefits were provided pursuant to a collective bargaining agreement they were a part of the contract of employment and thus not subject to credit according to the limitation in *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971).

Regarding credit for prior payments in a workmen's compensation case:

> [t]he decisions hold that when an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or exceeded the compensation payable. (Emphasis in original.)

*Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944). And in *Temple, supra,* it was held that accrued sick leave, like vacation pay, is an incident or benefit of the employment contract and an entitlement, like wages, where the employee utilized sick pay which would otherwise have been available to him for nonwork incurred disabilities. The critical distinction between *Creighton, supra,* and *Temple, supra,* is that

> sick leave is something to which an employe would have been entitled regardless of whether or not he had been injured and that it was repugnant to the intent of The Workmen's Compensation Act to require an employe to expend

benefits to which he would be entitled even if his absence was due to a non-compensable sickness when he was absent due to a disability which was covered by the Act.

*Workmen's Compensation Appeal Board v. Olivetti Corp.*, 26 Pa. Commonwealth Ct. 464, 470, 364 A.2d 735, 738 (1976).

Thus, whether or not amounts paid by the employer may be credited against the employer's workmen's compensation obligations depends not upon whether the payments are categorized as a benefit of a collective bargaining agreement, but rather whether the payments were made as wages for work performed or in relief of the employee's incapacity to labor. *See Workmen's Compensation Appeal Board v. Kennedy,* 21 Pa. Commonwealth Ct. 76, 342 A.2d 828 (1975). Here, claimant would not have received the benefits paid by Blue Cross and Blue Shield had he not been hospitalized following his injury. Consequently, he was not required to deplete benefits that would have been otherwise due him or which could have been used for other purposes. Similarly, claimant was not required to expend an exhaustible benefit when he received payments from the Borough for sick pay at full salary since the collective bargaining agreement provides that officers shall receive this benefit "for each sickness." Nor was he required to expend a benefit which could have been used for another purpose when he was paid 75 per cent of his salary upon a determination of permanent and total disability incurred in a service-related injury, since these benefits also would not have been available to him absent the compensable disability. *See Olivetti, supra.*

### No. 1789 C.D. 1977

With regard to the ultimate issue of compensability, the Borough argues that the claimant's ischemic

heart condition is not compensable as a total disability as a matter of law. Relying on the testimony of claimant's treating physician, the Borough asserts that since the claimant has not experienced the symptoms of an ischemic heart and that, according to its testimony, he has not had an abnormal electrocardiogram since April 26, 1974, that his loss of earning power flows not from a work-related injury,[2] but rather from his physician's fear of future stress and injury should he return to work as a policeman. Further, the Borough argues our decisions in *Gallo v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 599, 377 A.2d 1014 (1977) and *Lash v. Workmen's Compensation Appeal Board*, 30 Pa. Commonwealth Ct. 124, 372 A.2d 1265 (1977) control our decision here. We cannot agree.

In *Gallo, supra,* and *Lash, supra,* this Court affirmed the denial of compensation where the referees found that claimants had shown a loss of earning power but failed to show a physical disability when they were transferred to new jobs after being exposed to occupational disease hazards in their former higher-paying jobs. Clearly those cases are inapposite to the case here, since the question of whether a claimant suffers from a particular disease is a factual determination solely within the province of the referee. *See Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Moreover, the fact that claimant has not suffered from the specific symptoms of an ischemic heart since the 1974

---

[2] From a reading of the testimony of both physicians, it is clear beyond contest that claimant suffered a compensable injury on April 26, 1974 and was disabled and entitled to compensation at least until the end of his hospitalization on May 10, 1974. The issue seems to be whether the disability has ended. It is doubtful if this issue is properly before us based on the original petition and answer, as well as the petition for review in No. 1789 C.D. 1977. Of course, it can be raised at any time by a Petition to Terminate.

incident is not controlling to the issue of total disability. Once the claimant has shown by credible evidence that he can no longer perform his former work because of a work-related injury, the burden shifts to the employer to show that he can perform certain work and that such work is available, and absent such proof, the claimant must be compensated for total disability. *Billante v. Stouffer's Foods, Inc.*, 7 Pa. Commonwealth Ct. 532, 300 A.2d 284 (1973); *see also Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). Since no such evidence was adduced by the employer and competent medical evidence supports the referee's finding that claimant can no longer perform his duties as a policeman due to a work-related injury, we must affirm the Board's decision. *See Universal Cyclops, supra.*

Accordingly, we will enter the following

ORDER

AND Now, October 24, 1978, the order of the Workmen's Compensation Appeal Board, at No. A-72369, dated January 27, 1977, is hereby affirmed and it is ordered that judgment be entered in favor of George T. Steinle and against the Borough of Yeadon to be computed at the rate of $106 per week from April 27, 1974 and continuing thereafter for an indefinite period and for the sum of $3,312.00 for medical expenses, together with interest at the rate of 10 per cent per annum on all deferred payments of compensation, in accordance with The Pennsylvania Workmen's Compensation Act.

It is further ordered that the Borough shall receive credit for all sums paid to the claimant by the Borough which were equal to or exceeded the compensation payable for the weeks following April 26, 1974 and further that the Borough shall receive credit for all medical expenses paid by Blue Cross and Blue Shield on behalf of claimant.