The Peoples Natural Gas Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Harry S. Keith, Respondents.

The Peoples Natural Gas Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Harry S. Keith, Respondents.

Argued December 17, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Richard R. Riese*, with him *Ralph T. DeStefano, Thorp, Reed & Armstrong*, for petitioner.

*Richard J. Russell*, for respondent, Harry S. Keith.

OPINION BY JUDGE MACPHAIL, March 3, 1982:

The Peoples Natural Gas Company (Petitioner) has appealed from two orders of the Workmen's Compensation Appeal Board (Board). The first appeal, filed to No. 13 C.D. 1981, is from a Board order affirming a referee's grant of workmen's compensation benefits to Harry S. Keith (Respondent) and denying Petitioner a credit against its workmen's compensation liability. Petitioner appeals only the latter Board determination. The second appeal, filed to No. 736 C.D. 1981, is

from an order denying Petitioner's request for a rehearing before the Board for the purpose of presenting additional evidence on the "credit" issue. The two appeals have been consolidated for consideration by this Court.

Respondent had been employed by Petitioner as a Customer Service Man-A for approximately 25 years when he suffered a heart attack on November 19, 1977. Respondent filed a claim petition on September 27, 1978[1] and, after two hearings, a referee concluded that Respondent had met his burden of proving that he had suffered a compensable injury. The referee granted Respondent compensation benefits for total disability effective November 20, 1977. At issue in the appeal filed to No. 13 C.D. 1981 is the referee's eleventh finding of fact:

> Under a contractural [sic] agreement with the Company, Claimant was paid full pay for eighteen weeks (18) from the date he last worked on November 18, 1977, and then he received half pay for the rest of the 52 weeks. Defendant is entitled to a credit against future payments of compensation for benefits/wages he received while he was off work.

The Respondent appealed to the Board challenging, *inter alia*, fact finding No. 11. The Board, on appeal, concluded that the credit had been improperly allowed by the referee, but included in its opinion the following statement: "Parenthetically, had there been a col-

---

[1] Although not an issue in these appeals, Petitioner did contest the timeliness of notice of the injury below. The referee found as a fact that "Notice of this injury was served upon the employer by the Claimant's wife on November 20, 1977, when she contacted Bill Bossi, Superintendent." The Board considered this finding to be conclusive of the issue. *See* Sections 311, 312 and 313 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§631-633.

lective bargaining agreement which had been pleaded and which specifically had been determined to read 'that workmen's compensation payments required by law are not in addition to but are included in the sick pay allowance', this Board may have found otherwise." Petitioner appealed the Board's order and also subsequently filed a petition for rehearing with the Board to enable it to introduce into evidence the collective bargaining agreement by which Respondent was paid the sickness benefits at issue. The Board denied the petition and the Petitioner filed its second appeal with this Court.

## No. 13 C.D. 1981

The sole issue raised in Petitioner's first appeal is whether the Board erred when it disallowed Petitioner a credit for sickness benefits made to Respondent prior to the determination that his heart attack was a compensable injury.

The law on credits has been set forth in two leading Pennsylvania cases. In the first, *Creighton v. Continental Roll & Steel Foundry Co.*, 155 Pa. Superior Ct. 165, 173, 38 A.2d 337, 341 (1944), the Superior Court held as follows:

> [W]hen an employee is *totally disabled* and the employer, while denying any liability for workmen's compensation, nevertheless pays the employee regular stated amounts, weekly or monthly, either out of its own general funds, or out of sick or accident benefits or relief funds contributed by it, not as wages or salary for work performed, but in relief of the employee's incapacity to labor, on its being determined that the employee is entitled to workmen's compensation, the amount paid by the employer discharges its liability for compensation *for the weeks* in which its payments to him equalled or

exceeded the compensation payable. (Emphasis in original.)

Thus, in *Creighton*, the employer was found to be entitled to a credit for payments made to its employee *in relief of his incapacity to work* due to what the employer considered to be a non-work-related disability. The court concluded that the payments made were not for work performed and that it was not the employer's intention that the voluntary payments be made *in addition to* workmen's compensation benefits. As a result, when the disability was determined to be compensable, the employer was entitled to an appropriate credit.

Our Supreme Court further clarified the law regarding credits in *Temple v. Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971). In *Temple* the employer was denied a credit for sick leave payments made to an employee for what was later determined to be a compensable injury. The Court in *Temple* distinguished *Creighton* on the grounds that the latter case involved a total disability and the payment of sickness or accident benefits, as opposed to the sick leave paid in *Temple* which "like vacation pay is an incident or benefit provided under the work agreement and is an entitlement like wages for services performed." *Id.* at 542, 285 A.2d at 139.

The critical distinction made by the Supreme Court in *Temple* was that sick leave, in contrast to sickness or accident benefits, is something that an employee is entitled to regardless of whether or not he has suffered a compensable injury. The Court concluded that an employee who has a compensable injury should not be required to deplete exhaustible benefits to which he would be entitled if he suffered from a noncompensable sickness. *Workmen's Compensation Appeal Board v. Olivetti Corp.*, 26 Pa. Commonwealth Ct. 464, 364 A.2d 735 (1976).

Finally, the fact that accident and sickness benefits are categorized as benefits of a contractual agreement between an employer and his employees does not establish that the amounts paid may not be credited against the employer's workmen's compensation obligation. Rather, the crucial determination is whether the payments "were made as wages for work performed or in relief of the employee's incapacity to labor." *Steinle v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 241, 246, 393 A.2d 503, 506 (1978).

Turning now to the evidence of record pertinent to the credit issue in the instant case, we first note that Petitioner, in its answer to the claim petition, denied that Respondent's heart attack was work-related and averred further that "claimant received certain sickness benefits, including medical and hospital services, under the collective bargaining agreement between [Petitioner] and its employees *for disabilities unrelated to employment*." (Emphasis added.) It is clear then, that Petitioner denied any workmen's compensation liability for Respondent's heart attack. It is also clear that Respondent was totally disabled as a result of his heart attack. Thus, the first two criteria of the *Creighton* test have been met.

With regard to the nature of the benefits paid, Respondent testified as follows:

Q. Did you get any pay or anything while you were off?

A. Definitely I did. That's a contractural [sic] agreement that we have with the company. Full pay for ... well, it depends on your length of service. You get full pay. I think mine was 18 weeks and then after 18 weeks why then you go to half pay for the rest of the 52 weeks.

. . . .

Q. And, these payments you received from the gas company from and after November 19, 1977, you clearly understood that. those were health and accident benefits; didn't you?

A. That's right.

While this evidence is less clear than it might be, we think it is adequate to support the referee's grant of the credit. The testimony reveals that the payments were in the nature of sickness or accident benefits rather than sick leave. Therefore, Respondent was not required to expend an exhaustible benefit which could have been used for other purposes. In our opinion, the payments in this case were paid in relief of Respondent's incapacity to work rather than as wages for work performed. We conclude that the payments made here are analogous to those paid in *Creighton* and that Petitioner is, accordingly, entitled to an appropriate credit. The order of the Board will, therefore, be reversed insofar as it denied Petitioner an appropriate credit for sickness benefits paid to Respondent.

With regard to the credit allowed by the referee, the order stated:

[Petitioner] shall take credit against future payments of compensation since Claimant was paid his full salary for a period of 18 weeks and then he received half salary for the remainder of the 52 week period.

This portion of the referee's order must be clarified. Petitioner's payments to Respondent discharged its liability for workmen's compensation *for those weeks* in which its payments equaled or exceeded the compensation due. Payments made by Petitioner in excess of the compensation payable, however, may not be credited on future installments of compensation. *Creighton.*

126

The referee found in this case that Respondent's average weekly wage was $343.85. The rate of compensation awarded to Respondent was $199.00 per week. Thus, for those weeks during which Respondent received full pay, or $343.85, Petitioner is entitled to a credit of only $199 per week. Petitioner *may not* carry over for further credit on future installments of compensation due the amount in excess of $199 paid during those 18 weeks. During those weeks in which Respondent received half his weekly wages in sickness benefits, or approximately $171.93, Petitioner may be credited for the entire amount and will retain a liability of approximately $27.07 to meet the $199 compensation rate. Since we think the referee's order is ambiguous in this regard we will remand for a clarification and computation of the appropriate credit and compensation due consistent with the foregoing opinion.

## No. 736 C.D. 1981

Having determined that Petitioner is entitled to an appropriate credit against its workmen's compensation liability for sickness payments previously made, the appeal filed to No. 736 C.D. 1981 has been rendered moot and, accordingly, will be dismissed.

## ORDER IN 13 C.D. 1981

AND Now, this 3rd day of March, 1982, the order of the Workmen's Compensation Appeal Board, dated December 4, 1980, Docket No. A-77382, is hereby reversed insofar as it amended the order of the referee, dated May 21, 1979, and denied The Peoples Natural Gas Company an appropriate credit against its liability for workmen's compensation benefits due Harry S. Keith. It is further ordered that the case be remanded to the Board for the computation of the credit to be

given to The Peoples Natural Gas Company consistent with the foregoing opinion and the entry of an amended order which shall be likewise consistent with the foregoing opinion.

ORDER IN 736 C.D. 1981

AND NOW, this 3rd day of March, 1982, the Petition for Review filed by The Peoples Natural Gas Company and docketed at No. 736 C.D. 1981, having been rendered moot, is hereby dismissed.

Judge PALLADINO did not participate in the decision in this case.