Albert William Panaci, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Scranton School District, Respondents.

Scranton School District, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Albert William Panaci, Respondents.

Argued March 1, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*George W. Teets,* for petitioner, Albert William Panaci.

*Matthew Dempsey,* with him *John R. Lenahan, Jr., Lenahan and Dempsey,* for respondent, Scranton School District.

OPINION BY JUDGE MACPHAIL, April 15, 1982:

Albert W. Panaci (Claimant) and the Scranton School District (Employer) have filed cross appeals from an order of the Workmen's Compensation Appeal Board (Board). The Employer, in its appeal docketed at No. 1182 C.D. 1981, challenges the order insofar as it affirmed a referee's award of workmen's compensation benefits to Claimant and refused to order a remand to the referee for the presentation of additional evidence. Claimant, in his appeal docketed at No. 1172 C.D. 1981, challenges the Board's allowance of a "proper credit" to the Employer for payments made to Claimant after the effective date of the compensation award. The two appeals have been consolidated for our consideration.

Claimant was employed as a high school principal at the West Scranton Senior High School when, at approximately 1:30 A.M. on February 15, 1978, he was notified that there was a fire at the school. The referee found, based on substantial evidence in the record, that Claimant arrived at the school shortly before 2:00 A.M. and remained until 5:00 A.M. during which time he inhaled large amounts of smoke and noxious fumes. Claimant returned to the school at 7:00 A.M. and remained in the building until 12:00 P.M. when he left due to chest pains. Later that same day, Claimant was admitted to the Moses Taylor Hospital and subsequently underwent surgery on his left lung on February 24, 1978, at St. Vincent's Hospital in New York. The surgery disclosed that Claimant's left lung was

trapped by a mass of scar tissue which prevented proper expansion of the lung. Claimant has not returned to work since February 15, 1978.

Claimant filed a claim petition on June 2, 1978 alleging that the collapse of his lung was caused by the inhalation of smoke from the school fire on February 15. Employer filed an answer denying that Claimant had suffered a work-related injury. After five hearings the referee concluded that Claimant had met his burden of proving a compensable injury and awarded him compensation benefits for temporary total disability beginning February 16, 1978. On appeal, the Board affirmed and the instant cross appeals were taken.

## No. 1182 C.D. 1981

Employer raises four issues in its appeal to this Court: 1) whether or not the referee's finding on causation was supported by substantial, and competent medical testimony; 2) whether or not the Board erred when it failed to remand for the appointment of an impartial physician; 3) whether or not this Court should order a remand to allow the Employer to present job availability testimony; and 4) whether or not the referee capriciously disregarded surveillance evidence presented by the Employer.

Since the Claimant prevailed before the referee and the Board, our scope of review is to determine whether an error of law has been committed, whether any fact findings are not based on subsequent evidence and whether constitutional rights have been violated. *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Relative to the issue of causation, Claimant presented medical testimony by deposition of his treating physician, Dr. Nealon. Dr. Nealon first testified that the scarring found on Claimant's lung during surgery must have existed prior to Claimant's exposure to

smoke during the school fire because the scarring was thick and would have taken some time to develop.

Since a pre-existing condition is a factor in this case, Claimant had the burden to establish by competent medical testimony that his disability resulted from the smoke inhalation rather than from the natural progress of the pre-existing condition. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). "That an employee has a chronic condition or ailment which makes him more susceptible to injury does not defeat his right to compensation if the subsequent injury materially contributes to the acceleration or aggravation of his pre-existing chronic condition." *United Industrial Maintenance v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 156, 159, 405 A.2d 1360, 1362 (1979).

The following pertinent testimony was relied upon by the referee in finding a causal link between the smoke inhalation and Claimant's disability:

> Q. Based upon the history given you by the claimant and your examination and treatment, do you have an opinion as to whether the claimant's exposure to fumes and smoke resulting from the high school fire of 1978, either precipitated, aggravated or accelerated Mr. Panaci's trapped lung condition?
>
> . . . .
>
> A. Well, the basis [sic] of what I was told and what I mentioned earlier, plus what we found at operation, I think that the exposure to the fire precipitated a sequence of events which wound up with his coming down here for me to take care of him.
>
> . . . .
>
> A. [The exposure] aggravated a pre-existing problem to the extent that it resulted in the operation.

This testimony clearly meets the legal standard enunciated above. We believe the testimony is unequivocal and constitutes substantial evidence to support the referee's finding that Claimant's disability was caused by his exposure to smoke at his work place. We, accordingly, find no error relative to the referee's finding on causation.

Turning to the second issue presented, we also find no error in the Board's failure to appoint an impartial physician in this case. The authority of the Board to order that impartial testimony be taken is discretionary, *Polansky Bakery v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 189, 394 A.2d 1324 (1978) and may only be exercised where the referee's findings are not supported by competent evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975). Since we are satisfied that the referee's findings are based on competent evidence there was no need for impartial testimony in this case. Furthermore, it is clear that the mere existence of conflicting medical testimony on the degree of Claimant's disability does not require that an impartial physician be appointed, as the Employer argues. Such conflicts in the testimony raise questions of credibility and the weight to be attached to the testimony which must be resolved by the referee. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Employer's next argument is that we should remand this case in order to provide the Employer an opportunity to present evidence on job availability. Employer contends that the referee raised the issue of job availability sua sponte and that justice requires a remand to allow the Employer to address this issue. We must reject this argument.

We first note our agreement with the Board that, despite language in the referee's decision relative to job availability, the referee did find that Claimant was totally disabled. In finding of fact No. 11 the referee stated that "claimant suffered a work related injury within the meaning of the Workmen's Compensation Act, and *is unable to perform any physical activities* including mental stress and stressful situations since the same would aggravate his present condition and cause further injury." (Emphasis added.) Where there is a finding of total disability no inquiry into job availability need be made. *Trio Beverage Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 17, 380 A.2d 517 (1977). Thus, we believe any references to job availability in the referee's decision were irrelevant.

Even if the issue of job availability was relevant to the referee's decision,[1] we would nevertheless refuse to remand this case. As a general rule, once a claimant has demonstrated that he can no longer perform his former work due to a work-related injury, the burden shifts to the employer to prove the availability of work which the claimant is able to perform. *Township of Upper Darby v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 438, 417 A.2d 1319 (1980) and *Steinle v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 241, 393 A.2d 503 (1978). Employer admits that it failed to produce

---

[1] The referee's findings on the degree of Claimant's disability are less clear than we would like. In addition to the finding of total disability quoted, *infra,* the referee concluded:

Since the claimant is unable to perform his pre-injury occupation as a result of his work related injury of February 15, 1978, and since the defendant failed to show there was any suitable work available in the market within which the claimant could perform, he must be considered temporarily totally disabled from February 16, 1978.

any evidence of job availability. We do not believe a remand would be in order to allow the Employer to present evidence which should have been presented during the original hearings before the referee.

The final issue raised by the Employer relates to the referee's finding that several surveillance films of the Claimant made by a private investigator for the Employer "were of no significance and displayed no activities which one could consider as being work activity, and were of insignificant value as to determine whether or not claimant was able to perform any work within the meaning of the Act." As we have noted, it is the duty of the referee to weigh the evidence presented to him. *Snyder v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980). We believe the referee has properly performed this duty and can find no error in the referee's treatment of this evidence.

We, accordingly, will affirm the grant of temporary total disability compensation benefits to Claimant.

### No. 1172 C.D. 1981

The sole issue raised by Claimant in his cross appeal is whether or not the Employer is entitled to a credit against its workmen's compensation liability for payments made to Claimant after the effective date of the compensation award. The record reflects that Claimant received full pay for accrued sick leave from February 16, 1978 through March 15, 1979 and then received half-pay while on a sabbatical for one year thereafter.

An employer is entitled to a credit for payments made to an employee who is totally disabled when the payments are made, not as wages for work performed, but in relief of the employee's inability to work. *Creighton v. Continental Roll & Steel Foundry Co.,*

155 Pa. Superior Ct. 165, 38 A.2d 337 (1944). An employer is not entitled to a credit, however, if the payments were "incident[s] or benefit[s] provided under the work agreement . . . like wages for services performed." *Temple v. Department of Highways,* 445 Pa. 539, 542, 285 A.2d 137, 139 (1971). Examples of payments which do not entitle an employer to a credit are vacation pay and sick leave. *Temple.* The basis for the distinction between payments which create a right to a credit from those that do not is the conclusion that an employee who has suffered a compensable injury should not be required to deplete exhaustible benefits to which he would be entitled if he had a non-compensable sickness. *Workmen's Compensation Appeal Board v. Olivetti Corp. of America,* 26 Pa. Commonwealth Ct. 464, 364 A.2d 735 (1976).

The Employer in the instant case concedes that it is not entitled to a credit for sick leave payments made to Claimant. The Employer does argue, however, that it should receive a credit for the sabbatical leave payments made.[2] Employer argues that the sabbatical was granted because of Claimant's inability to work and that the sabbatical would not have been available absent the injury.

With regard to the nature of sabbatical leave, Section 1166(a) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1166(a) provides, in pertinent part, as follows:

> Any person employed in the public school system of this Commonwealth who has completed ten (10) years of satisfactory service as a professional employe or member of the supervisory,

---

[2] Employer states in its brief that the sabbatical was two years in duration, however, we believe the record is clear that the sabbatical was granted for one year only. Furthermore, since we conclude that the Employer is not entitled to a credit for payments made during the sabbatical, any factual dispute is immaterial.

> instructional or administrative staff ... *shall be entitled to a leave of absence* for restoration of health, study or travel, or, at the discretion of the board of school directors, for other purposes. (Emphasis added.)

This provision clearly establishes that sabbatical leave in Pennsylvania is in the nature of an incident or benefit of employment for public school employees who meet the requirements of length of service.[3] Moreover, this is an exhaustible benefit, normally limited to one full school term after each seven years of service. Section 1166 of the Code. Therefore, without ruling on the legality of the leave granted to Claimant in the instant case, we conclude that Employer is not entitled to a credit for sabbatical leave payments made to Claimant.

We, accordingly, reverse the decision and order of the Board insofar as it grants a credit to the Employer against its workmen's compensation liability.

## Order

And Now, this 15th day of April, 1982, the order of the Workmen's Compensation Appeal Board, No. A-79632, dated April 16, 1981, is hereby reversed insofar as it granted the Scranton School District an appropriate credit against its liability for workmen's compensation benefits payable to the Claimant, Albert William Panaci.

## Order

And Now, this 15th day of April, 1982, the order of the Workmen's Compensation Appeal Board, No. A-79632, dated April 16, 1981, is hereby affirmed insofar as it awarded workmen's compensation benefits to the Claimant Albert William Panaci. Judgment is entered

[3] Claimant testified that he began his employment with the Employer in September, 1950.

in favor of the Claimant Albert William Panaci and against Scranton School District and/or its insurance carrier as follows:

Compensation for temporary total disability at the rate. of $213.00 per week commencing February 16, 1978 and continuing thereafter within the limitations and provisions of The Pennsylvania Workmen's Compensation Act, together with 10% interest per annum on all deferred amounts of compensation payable hereunder.

It is further ordered that the lump sum fee agreement approved by the Workmen's Compensation Appeal Board be adhered to by the Claimant and his counsel.