**Mary PEEK, Petitioner**

v.

**DEPARTMENT OF AGING,
Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 1, 2005.
Decided April 26, 2005.

**44**

Kevin M. Costello, Philadelphia, for petitioner.

Jacqueline M. Welby, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Mary Peek (Peek) petitions for review of a decision of the Pennsylvania Department of Aging (Department) affirming the termination of enrollment in a prescription drug benefit program through the Pharmaceutical Assistance Contract for the Elderly (PACE).[1] We affirm.

Peek, a senior citizen and resident of Pennsylvania, submitted a 2003 new enrollment application, dated June 17, 2003, to the Department's PACE program, seeking assistance with prescription drug expenses. Eligibility for PACE is based upon age, Pennsylvania residency, and income. Based upon income information provided by Peek on her application, Peek was approved for PACE on July 1, 2003. Following Peek's enrollment in PACE, a routine revenue match through the Pennsylvania Department of Revenue revealed that Peek had failed to report $5,477 of employment income for the year 2002. As a result, her total income for the 2002 calendar year exceeded PACE's statutory income limits [2] and rendered her ineligible for the program.

By letter dated September 9, 2003, the Department notified Peek that she was ineligible for PACE and had the right to appeal that determination.[3] Peek appeal-

---

**1.** PACE is a statewide program administered by the Department that provides low-income, elderly citizens of the Commonwealth with financial assistance in obtaining prescription drugs. The PACE program was established by the Pharmaceutical Assistance Contract for the Elderly Act, Act of November 4, 1983, P.L. 217, *as amended*, 62 P.S. §§ 2901–2904, repealed by the Act of August 14, 1991, P.L. 342. The subject matter of the repealed sections is now found in Sections 501 to 552 of the State Lottery Law (Law), Act of August 26, 1971, P.L. 351, *as amended*, 72 P.S. §§ 3761–501–3761–522.

**2.** For PACE eligibility, annual income shall not exceed $14,500 in the case of single persons or $17,700 in the case of the combined

annual income of persons married to each other. Section 502 of the Law, 72 P.S. § 3761–502. Peek had reported that her income for 2002 totaled $9,708.52, which was comprised of $8,446 from Social Security and $1,262.52 from pension. The addition of employment income of $5,477 brought Peek's annual income to $15,185.52, which exceeded the amount allowable to be eligible for PACE benefits.

**3.** The letter advised that Peek was eligible for the Pharmaceutical Assistance Contract for the Elderly Needs Enhancement Tier (PA-CENET) program, a lesser benefit, and enrolled her in the same. Eligibility for PA-CENET requires an annual income of not less than $14,500 and not more than $23,500 in

ed the Department's determination. An administrative hearing was held on April 8, 2004 before the Pennsylvania Department of Public Welfare, Office of Hearings and Appeals.

At the hearing, Peek did not contest that she failed to report the additional income, that she does not qualify for PACE under the regulations, or that the Department misapplied the regulations. Rather, Peek attempted to challenge the validity of the regulation, arguing that it is inconsistent with the enabling statute. Specifically, Peek takes issue with the regulation's calculation of eligibility from the "prior calendar year" as opposed to the current year of the application. Peek attempted to offer testimony in support of her position. The hearing examiner precluded such testimony on the basis that it was irrelevant and went beyond the scope of the hearing examiner's statutory authority, as the hearing examiner has no authority to invalidate a regulation. The hearing examiner issued a recommendation denying Peek's appeal for lack of a justiciable issue. On May 24, 2004, the Department issued an order adopting the hearing examiner's recommendation. Peek requested reconsideration, which was denied. Peek now files the instant petition for review. Peek raises the following issues for our review:

1. Whether an administrative hearing where the petitioner is wholly foreclosed from offering relevant evidence warrants a remand to that tribunal with an order permitting the opportunity to make a full and meaningful record?

2. Is 6 Pa.Code § 22.24(f), the regulation of the Department that denies

prescription drug coverage to low-income seniors on the basis of income earned and spent long before application, rather than income that is currently available, consistent with the authorizing statute?

■ Peek asserts that the hearing examiner violated her right to due process and a fair hearing by preventing Peek from offering evidence to make a full and meaningful record. We disagree.

The hearing authority is the Secretary. 6 Pa.Code § 22.95(g)(1). The Secretary will delegate to the hearing examiner the authority necessary to conduct the hearing proceedings and to perform the following functions:

(i) Determine the facts.

(ii) Determine the appropriate regulations that apply.

(iii) Interpret a regulation when the regulation is ambiguous.

(iv) Interpret a directive of the Department when the directive is ambiguous.

(v) Apply the facts to the law to determine the correct result.

(vi) Recommend that the Secretary adopt the result.

6 Pa.Code § 22.95(g)(2). While a hearing examiner may interpret an ambiguous regulation, the hearing examiner "may not invalidate or modify a Departmental regulation." 6 Pa.Code § 22.95(g)(4).

At the hearing, Peek did not contest the facts that she failed to report additional income, that she does not qualify for PACE under the regulations, or that the Department misapplied the regulations. The evidence Peek sought to put forth

the case of a single person. Section 519 of the Law, 72 P.S. § 3761–519.

The letter further advised that Peek is required to repay the PACE program for pre-

scriptions paid on her behalf during her period of enrollment. Such repayment will be applied toward the $500 PACENET deductible.

pertained to the validity of the regulation and the negative impact the regulation has had on her personal circumstances. Notes of Testimony (N.T.) at 20. Since such evidence was irrelevant to the determination before the hearing examiner, we conclude that the hearing examiner did not err by precluding such evidence.[4]

■ Peek contends that the Department's regulation, found at 6 Pa.Code § 22.24(f), is at odds with the authorizing statute because it denies prescription drug coverage to low-income seniors on the basis of income earned and spent long before application, rather than income that is currently available to the applicant. We disagree.

■ When reviewing the validity of an agency's regulation or interpretation thereof, the Court must determine whether the regulation is consistent with the statute under which it is promulgated. *See Pelton v. Department of Public Welfare,* 514 Pa. 323, 523 A.2d 1104 (1987); *Thompson v. Department of Public Welfare,* 696 A.2d 888 (Pa.Cmwlth.1997).

Regulations promulgated by an administrative agency pursuant to statutory directive are invalid if they are contrary to the legislative intent of statutory provisions to which they relate. *Clough v. Tax Review Board,* 20 Pa.Cmwlth. 464, 342 A.2d 483 (1975).

Section 503 of the Law, 72 P.S. § 3761–503, requires the Department to adopt regulations relating to the determination of eligibility of prospective claimants and providers. The Law further provides that an "eligible claimant" for PACE must be a resident of the Commonwealth, at least 65 years of age, whose "annual income"[5] shall not exceed the "maximum annual income" of $14,500 for single persons. Section 502 of the Law, 72 P.S. § 3761–502.

The Department's PACE regulations require an applicant to declare the total annual income for the calendar year immediately preceding the year in which the applicant applies to participate in PACE. 6 Pa.Code § 22.24(d). The regulations further provide that the period used to determine income for purposes of PACE

4. The issue of whether the regulation is valid is a question of law, which can be determined without the full record Peek seeks to develop. *Pennsylvania Department of Health v. North Hills Passavant Hospital,* 674 A.2d 1141, 1148 n. 25 (Pa.Cmwlth.1996). If this Court determines that the regulation is consistent with the statute and a proper exercise of statutory authority, no remand is necessary. If, on the other hand, the Court accepts Peek's view that the Law requires annual income to be the current income of the applicant, calculated in the year in which she applies, or perhaps 365 days prior to the date of application, as opposed to the prior calendar year, a remand would be warranted to determine whether Peek would qualify under such interpretation.

5. The Law defines "income" as
    [a]ll income from whatever source derived, including, but not limited to, salaries, wages, bonuses, commissions, income from self-employment, alimony, support money, cash public assistance and relief,

the gross amount of any pensions or annuities, including railroad retirement benefits, all benefits received under the Social Security Act (49 Stat. 620, 42 U.S.C. § 301 et seq.) (except Medicare benefits), all benefits received under State unemployment insurance laws and veterans' disability payments, all interest received from the Federal Government or any state government or any instrumentality or political subdivision thereof, realized capital gains, rentals, work[ers'] compensation and the gross amount of loss of time insurance benefits, life insurance benefits and proceeds, except the first $5,000 of the total death benefits payments, and gifts of cash or property, other than transfers by gift between members of a household, in excess of a total value of $300, but shall not include surplus food or other relief in kind supplied by a government agency or property tax rebate. Section 502 of the Law, 72 P.S. § 3761–502.

eligibility is "income received by an applicant during the *calendar year immediately preceding the year in which the applicant applies* to participate in PACE." [6] 6 Pa.Code § 22.24(f) (emphasis added).

 Based upon our review of the Law, we believe the regulation is a proper application of the Department's statutory mandate to promulgate regulations governing program eligibility. Peek contends that the Law requires the current income of the applicant to be considered, not income from the "prior calendar year." While the Law itself is silent with regard to the period to be used to calculate "annual income," the Department's regulation requiring eligibility based upon the "prior calendar year" is not an unreasonable interpretation of the statute. The "current income" methodology urged by Peek would utilize income currently available to the applicant in the year of application and would be based upon future estimated earnings; such methodology is far too speculative. Even annual income based upon a rolling calculation, i.e. income from the preceding twelve months from the application date, is too fluid a methodology and would be extremely burdensome for the Department to monitor and verify. The regulation's utilization of financial data from the prior calendar year is a fair and standardized method of calculating income that simplifies the application process for both applicants and administrators. Such interpretation does not conflict with the authorizing statute. As this Court has previously held, great deference should be given to the administering agency in the interpretation and application of its statutes and regulations. *Scanlon v. Department of Public Welfare*, 739 A.2d 635, 638 (Pa.Cmwlth.1999). While we sympathize with Peek, and others in her position, who may have to wait an extended period before qualifying for PACE benefits due to prior calendar year income, we nevertheless find that the Department's regulation is valid.

Accordingly, the order of the Department is affirmed.

### *ORDER*

AND NOW, this 26th day of April, 2005, the order of the Department of Aging is AFFIRMED.

---

**6.** The regulations provides the follow example:

> An applicant applies to participate in the PACE Program on August 16, 1990. The applicant shall declare his total annual income for the previous year, which is calendar year 1989. Accordingly, the applicant shall declare all of the income which he received from January 1, 1989 up to and including December 31, 1989.

6 Pa.Code § 22.24(d).