John TOBORKEY, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (H.J. HEINZ), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 18, 1994.

Decided Feb. 24, 1995.

---

Lloyd F. Engle, Jr. and Amy E. Smith, for petitioner.

Jill H. Nolan, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

John Toborkey (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which reversed the decision of the referee and awarded H.J. Heinz (Employer) credit against workmen's compensation benefits for a $10,000 death and disability insurance payment and for monthly disability pension payments paid to Claimant. For the reasons set forth below, we reverse.

After working for Employer for twenty-six years, Claimant became totally disabled due to a work-related injury. Claimant's last day of work was February 25, 1991, and Claimant received workmen's compensation benefits effective February 27, 1991, pursuant to a supplemental agreement. Claimant officially retired on April 1, 1992, at age fifty-two.

Following his retirement, Claimant received two types of payments from Employer, in addition to workmen's compensation. The first was a payment for contributory and non-contributory death and disability insurance totalling $25,000. Employer provided the first $10,000 of that insurance. Claimant purchased supplemental insurance in the amount of $15,000, which amount is not at issue here. The other payment Claimant received is a monthly disability pension in the amount of $538.22 per month. These benefits were provided to Claimant under separate provisions of the collective bargaining agreement in effect at the time of Claimant's retirement.

The $10,000 death and disability benefit is provided to all employees at company expense under Employer's Group Insurance Plan. The insurance plan pays a $10,000 death benefit in the event of an employee's death from any cause at any time while he or she is covered under the plan. The disability benefit is payable in lieu of the death benefit if an employee becomes totally and permanently disabled before age sixty. The death and disability insurance may be supplemented by a contributory life insurance program for which Claimant in this case paid premiums.

Employer's Retirement Plan provides three options for employees upon their retirement: a normal pension, a disability pension, and an early retirement pension. The disability pension paid to Claimant is available to employees who retire after having worked more than ten years and are totally disabled, regardless of cause. As with a regular pension, disability pension payments

are calculated based upon years of service. During Claimant's first two to three years of employment, employees contributed to the disability pension plan; the plan became employer funded under the terms of a collective bargaining agreement in January, 1967.

This case arose when Employer petitioned for a modification of benefits, seeking credit for the payments Claimant received under the collective bargaining agreement. The referee reviewed the law as set forth in *Murhon v. Workmen's Compensation Appeal Board (Kawecki Berylco, Inc.)*, 152 Pa.Commonwealth Ct. 229, 618 A.2d 1178 (1992), *petition for allowance of appeal denied*, 536 Pa. 648, 639 A.2d 34 (1994), and *Hildebrand v. Workmen's Compensation Appeal Board (Fire Dept./City of Reading)*, 111 Pa.Commonwealth Ct. 24, 532 A.2d 1287 (1987), and determined that Employer was not entitled to credit. The referee concluded that the receipt of the disability pension benefits is based on a negotiated collective bargaining agreement, with the amount of the benefit based on Claimant's years of employment, and, under *Hildebrand*, Employer is not entitled to a credit. The referee noted that, while the *Murhon* court awarded credit to the employer based upon similar facts, no language in *Murhon* overrules *Hildebrand*.

The Board reversed in part, awarding Employer credit for the monthly pension benefits and the $10,000 disability insurance payment. The Board concluded that Claimant received his pension benefits earlier than he was entitled to receive them and that, following *Murhon*, Employer was entitled to credit.[1]

On appeal to this Court,[2] Claimant argues that the Board misapplied the law to the facts of this case. Although the parties base their arguments largely on the holdings in *Hildebrand* and *Murhon*, which involve disability pensions, we begin our analysis with cases involving other types of benefits.

In *Temple v. Pennsylvania Department of Highways*, 445 Pa. 539, 285 A.2d 137 (1971), a claimant whose employer denied liability chose to take his accrued sick leave, which covered a portion of the period during which he was disabled. After the Board affirmed the referee's determination that the injury was compensable, the employer claimed credit for payments of wages due as sick leave.

The Supreme Court noted in *Temple* that sick leave, like vacation pay, was "an incident or benefit provided under the work agreement and is an entitlement like wages for services performed," *Id.* at 542, 285 A.2d at 139, as opposed to payments in lieu of compensation, which are made in relief of the claimant's inability to labor. Therefore, the court concluded, the employer was not entitled to credit.

The *Temple* court further noted that the claimant in that case gave up his accrued sick leave, so that had he returned to work at the end of the period of disability the insurance company would have paid him nothing; yet the claimant would have lost benefits which would otherwise have been available to him for any non-work-related disability which may have occurred later. Awarding the employer credit for a period during which the claimant depleted his accrued benefits would have the claimant bear the cost of that period of his work-related disability. The court held a construction of the workmen's compensation laws permitting this result was never intended by the legislature.

The court has continued to emphasize that such a result is contrary to the purpose of the workmen's compensation laws. *See*, e.g., *School District of Philadelphia v. Workmen's Compensation Appeal Board (March)*, 109 Pa.Commonwealth Ct. 463, 531 A.2d 547 (1987), *petition for allowance of appeal denied*, 519 Pa. 657, 546 A.2d 61 (1988) and *Workmen's Compensation Appeal Board v.*

---

1. Neither the referee nor the Board provided reasoning as to why Employer is or is not entitled to credit for the $10,000 death and disability insurance payment.

2. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Olivetti Corp. of America,* 26 Pa.Commonwealth Ct. 464, 364 A.2d 735 (1976).

In *Olivetti,* the court distinguished sick leave from nonoccupational sickness and accident insurance benefits paid to the claimant while her employer denied liability for her disability. The *Olivetti* court granted the employer credit, noting that, unlike sick leave payments, the sickness and accident benefits were not in the nature of wages but, rather, were payments provided in lieu of compensation, based on the claimant's inability to work.[3]

Similarly, in *School District of Philadelphia,* the court granted the employer credit for nonoccupational sickness and accident benefits paid to the claimant while liability was contested. However, the court allowed the employer credit for only 50% of the benefits paid because the claimant had paid 50% of the premiums for the insurance.

The *School District of Philadelphia* court also noted that, under certain circumstances, a claimant may be entitled to simultaneous recovery. *Humphrey v. Workmen's Compensation Appeal Board (Supermarket Service),* 100 Pa.Commonwealth Ct. 33, 514 A.2d 246 (1986); *General Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 16 Pa.Commonwealth Ct. 473, 332 A.2d 867 (1975). In *Humphrey,* the claimant received sickness and accident benefits through her husband's health and accident insurer. The court reiterated that whether an employer is entitled to credit depends on whether the payments were made as wages for work performed or in relief of a claimant's inability to labor. The *Humphrey* court determined that the benefits were paid in relief of the claimant's inability to labor; however, the court concluded that the insurance policy under which the claimant's medical expenses were paid was in no way related to the employment relationship between the claimant and her employer and denied the employer credit. Thus, in *School District of Philadelphia* and *Humphrey,* the court applied an additional criteria to determine whether the

employer was entitled to credit, that is, who pays for the benefit.

In both *Peoples Natural Gas Co. v. Workmen's Compensation Appeal Board,* 65 Pa.Commonwealth Ct. 119, 441 A.2d 1364 (1982), and *Steinle v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 241, 393 A.2d 503 (1978), the court held that whether an employer is entitled to credit for benefits paid pursuant to a contractual agreement depends on whether the payments were made as wages for work performed or in relief of the claimant's incapacity to labor, relying upon the crucial distinction set forth by the Supreme Court in *Temple.* In *Steinle* and *Peoples Natural Gas,* the court held that payments made were "in the nature of sickness or accident benefits" *Id.,* 65 Pa.Commonwealth Ct. at 125, 441 A.2d at 1367, and awarded credit.

With regard to disability pension benefits, we first note that the term "pension" is defined, in the vocabulary of the law, as "deferred compensation for services rendered". Black's Law Dictionary 1021 (5th ed.1979). We recognize, however, that the word has sometimes been used to describe payments made for a different purpose. The decision in *Hildebrand,* remanding the case for a clarification of the terms of the disability pension, reflects an awareness of this lack of consistency.

In *Hildebrand,* the referee granted the employer credit for non-service connected disability pension payments paid to the claimant. Both parties appealed, and the Board affirmed that portion of the referee's decision. The claimant appealed to this court, which stated that:

> It is clear then that if Claimant's disability pension is an accrued entitlement which has been built up as a result of his services for Employer, or if he would be entitled to the pension regardless of whether he had suffered a compensable injury, Employer is not entitled to a credit for those pay-

---

**3.** In *Pittsburgh Steelers Sports, Inc. v. Workmen's Compensation Appeal Board (Erenberg),* 145 Pa.Commonwealth Ct. 547, 604 A.2d 319, *petition for allowance of appeal denied,* 530 Pa. 662, 609 A.2d 170 (1992), the court explained that the

phrase "payments in lieu of compensation" refers to payments of any voluntary or informal compensation, apart from workmen's compensation payments, which are paid with the intent to compensate for a work-related injury.

ments. If, however, the pension payments are made in relief of Claimant's inability to labor, then Employer is entitled to a credit for those payments.

*Id.,* 111 Pa.Commonwealth Ct. at 30, 532 A.2d at 1289–90. The *Hildebrand* court concluded that the record did not contain adequate information upon which the determination could be based and remanded the case for further findings regarding the terms and conditions of the claimant's disability pension.

In *Murhon,* the referee granted the employer credit for disability pension payments made to the claimant on the grounds that the claimant received his disability pension benefits earlier than he would have received benefits had he continued to work until he met the age and time requirements for a full pension. The Board affirmed, as did this court.

At this point we emphasize that, while the factors employed by the courts have varied in response to the facts of each case, such as whether benefits are depleted or who pays for the benefit, the critical determination to be made in every case is whether the payments made are in the nature of wages or are in lieu of compensation. In this case, therefore, we must determine whether the payments Claimant received following his retirement are similar to the sick leave in *Temple,* which would not be credited, or are in the nature of sickness and accident benefits, in which case Employer is entitled to credit.

## DEATH AND DISABILITY INSURANCE

◼ The death and disability insurance benefit is the first benefit listed in Employer's Summary Plan Description of Group Insurance. (R.R. 159a–179a.) While the other seven types of benefits provided under the insurance plan, including sickness and accident benefits, preclude a double recovery for compensable injuries, the death and disability insurance provision does not provide for any offset when the disability is work-related. We conclude that the terms of the collective bargaining agreement thus evidence the parties' intent that the death and disability insurance benefit is a benefit separate and

distinct from the seven additional benefits provided under the insurance plan, with no offset for workmen's compensation. *See Allegheny Ludlum v. Workmen's Compensation Appeal Board (Pavlik),* 141 Pa.Commonwealth Ct. 219, 595 A.2d 680 (1991) (concluding that the issue must be resolved on the basis of the collective bargaining agreement); *Pittsburgh Steelers Sports, Inc.* (relying on terms of collective bargaining agreement as evidence of parties' intent that injury protection payments were payments in lieu of compensation).

Furthermore, as with the sick leave in *Temple,* payment to Claimant of the death and disability insurance depleted this benefit; thus, this insurance was no longer available to Claimant for a non-work-related disability which may have occurred later nor would it be available upon Claimant's death. We conclude that the death and disability insurance payment is not in the nature of sickness and accident benefits, paid with the intent to compensate Claimant for his work-related injury, but, rather, is an accrued benefit more similar to sick leave. Accordingly, we hold that Employer is not entitled to credit for the $10,000 portion of Claimant's death and disability insurance.

## DISABILITY PENSION

◼ The disability pension Claimant receives is one of several options set forth in Employer's Retirement Plan under which an employee can collect accrued benefits upon retirement. An employee who chooses normal retirement may receive accrued benefits at a specified age which are calculated based on years of service or total wages. An employee who chooses early retirement does not have to meet the same age requirements but receives a lesser amount of benefits. An employee who retires under the disability option does not have his benefits reduced by the same percentage as occurs with early retirement, but his benefits are reduced nevertheless because the amount paid is based in part on years of service and his disability prevents him from accruing additional benefits.

Under each option in Employer's Retirement Plan, an employee must have a minimum amount of years of service to qualify and must have reached a specific age or be disabled. Every option is available only upon actual retirement, regardless of the time or the reason, and the amount paid under each is the amount accrued by the employee at the time of retirement. As with the terms of the death and disability insurance, there is no reference in the Retirement Plan to workmen's compensation benefits, although the summary plan description advises employees that they may also be eligible for Social Security Benefits.

The record indicates that Claimant's disability pension is 1) an accrued entitlement which has been built up as a result of his services for Employer, 2) a benefit to which he would be entitled regardless of whether his disability is compensable, and 3) deferred compensation, rather than payments in relief of his inability to labor. Accordingly, Employer is not entitled to credit under the holding in *Hildebrand.*

Although the *Murhon* court reached a contrary result, the disability "pension" at issue there was not payable upon retirement but rather upon, and only for the duration of, the disability. In *Murhon,* the claimant received his disability pension during the period in which the employer contested liability for his injury. The specific terms and conditions of the "pension" in *Murhon* indicate that the benefit in that case was in the nature of sickness and accident payments, payable in relief of the claimant's inability to labor.

In contrast, Employer here never contested liability, and Claimant's pension was paid upon his retirement, approximately one year after Employer began paying workmen's compensation benefits. Unlike the disability pension in *Murhon,* Claimant's pension continues for the remainder of his lifetime and that of his wife if Claimant so chooses, and the amount Claimant receives is the amount Claimant accrued during his years of service with Employer. Thus, Claimant's disability pension is distinguished from the claimant's pension in *Murhon.* As Claimant's disability pension is not a benefit in the nature of

sickness and accident benefits, Employer is not entitled to credit for these payments.

Accordingly, based on the parties' intent as evidenced by the collective bargaining agreement and having concluded that the benefits in question were wages for services performed, rather than payments in relief of Claimant's inability to labor, we reverse the order of the Board.

### ORDER

NOW, February 24, 1995, the order of the Workmen's Compensation Appeal Board, dated May 9, 1994, at No. A93–0741, is reversed.