**Alex HOSTINA, Dec., Claimant c/o Helen Magee, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (ALLIED SIGNAL, INC. and Travelers Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 2, 2003.

Decided Sept. 25, 2003.

Robert J. Murphy, Philadelphia, for petitioner.

Michael T. Dolan, Philadelphia, for respondents.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Helen Magee (Magee), the Administratrix of the estate of Alex Hostina (Claimant), who is now deceased, appeals from a decision of the Workers' Compensation Appeal Board which denied the Penalty Petition Magee filed directly with the Board. We affirm.

The Board observed in its August 11, 1998 opinion that "[t]his case has a lengthy and troubled history." Indeed, the procedural history of this case is extremely complex. Three times this case has been before the Workers' Compensation Judge (WCJ) and three times this case has been appealed to the Board. This litigation was initiated by Claimant almost twenty years ago when he filed a Claim Petition on October 21, 1983 alleging a work injury and/or occupational disease in the nature of lung disease as a result of work exposure to hazardous chemicals. On October 27, 1983, Allied (Employer) filed an Answer generally denying the allegations set forth in the Claim Petition. The WCJ treated Employer's Answer as a Petition For Forfeiture. Employer alleged in its Petition For Forfeiture that Claimant had disobeyed two Board orders requiring him to submit to a medical exam by a doctor chosen by Employer. On May 31, 1989, the WCJ issued its first decision wherein the WCJ granted Claimant's Claim Petition and also suspended any payment of benefits pending further action of the Board regarding Claimant's failure to comply with the Board orders to submit to a medical exam by Employer's doctor. Both parties appealed to the Board, which remanded the case for the WCJ to reconstruct portions of the record necessitated by the loss of portions of the record. The WCJ complied with the remand order and incorporated his first decision into this second decision and reaffirmed his first decision. Again both parties appealed to the Board which reversed the WCJ's decision granting Claimant's Claim Petition and remanded the case to the WCJ yet again for the WCJ to hold the Claim Petition in abeyance until Claimant submitted to the medical exam by Employer's doctor.

Finally, on November 11, 1993, Claimant submitted to the physical exam. Thereafter, in his third decision on December 8, 1995, the WCJ granted Claimant's Claim Petition. However, the WCJ also granted Employer's Forfeiture Petition which ren-

dered Claimant's entitlement to benefits forfeited from October 4, 1983, the date whereon Claimant was found to have been disabled until November 11, 1993, the date whereon Claimant finally submitted to a medical exam by Employer's doctor. *In addition, the WCJ decided that Employer was entitled to a credit against benefits paid/payable to Claimant for any money which Claimant received from the sickness and accident pension or other disability pensions provided by Employer.* The WCJ also ordered Employer to pay for the costs of the litigation without specifying what those costs were. Again, both Employer and Claimant appealed to the Board.

Upon appeal, the Board reversed the WCJ's grant of Employer's Forfeiture Petition, modified the WCJ's grant of interest on Claimant's award of benefits by changing the date whereon interest was to start accruing and affirmed the WCJ's grant of the Claim Petition. Also, the Board remanded the case to the WCJ for the WCJ to make factual findings with respect to the nature of the payments Claimant received from the sickness and accident and/or disability pensions provided by Employer. Specifically the Board stated that:

> [f]inally Claimant argued that the WCJ. erred in awarding [Employer] a credit for money received by Claimant from [Employer] for sickness and accident or other disability pensions as indicated in the affidavit of Joyce Lafferty.... The WCJ did not make any Findings of Fact on this issue. The WCJ determined in Conclusion of Law 6 that [**Employer**] **shall be entitled to a credit** in accordance with the law for any money received from [Employer] for sickness and accident or other disability pensions as indicated in the affidavit of Joyce Lafferty.... Because the WCJ failed to make any Findings of Fact on this issue the Board is unable to appropriately provide appellate review of this issue. **We therefore *REMAND* this issue to the WCJ to make the appropriate Findings of Fact and Conclusions of Law** in line with *Toborkey v. W.C.A.B. (H.J.Heinz),* 655 A.2d 636 (Pa.Cmwlth. 1995)[, *allocatur denied,* 541 Pa. 655, 664 A.2d 544 (1995) ], wherein the Court determined under what analysis an employer should be given a credit for payments made to employee. **The WCJ is to make further Findings of Fact on whether or not Employer is entitled to a credit for monies Claimant was paid under sickness or other disability pensions.**

(Board's August 11, 1998 opinion, pp. 9–10; emphasis added). Employer filed a Request for Supersedeas with the Board, which was denied on September 16, 1998. Also, Employer filed a Petition for Supersedeas with this Court, which was denied by order dated September 22, 1998. Additionally, both Employer and Claimant appealed the Board's order of August 11, 1998 to this Court. In that case, Claimant argued that the Board's order requiring a remand to the WCJ for the WCJ to make further factual findings rendered the order interlocutory and unappealable pursuant to Pa. R.A.P. 311(f).[1] Claimant asserted that

---

1. Pa. R.A.P. 311(f) provides that:
   (f) Administrative remand. An appeal may be taken as of right from: (1) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer for execution of the adjudication of the reviewing tribunal in a manner that does not require the exercise of administrative discretion: or (2) an order of a common pleas court or government unit remanding a matter to an administrative agency or hearing officer that decides an issue which would ultimately evade appellate review if an immediate appeal is not allowed.

the Board's order remanding the matter to the WCJ to make findings of fact with regard to the nature of the payments Claimant received from the sickness and accident or other disability pensions provided by Employer required the WCJ to exercise its discretion and thus did not come within Pa. R.A.P. 311(f)(1). Claimant also asserted that there is no other provision which would permit an appeal of the Board's order and Employer does not point to any.

The sum total of Employer's argument with respect to the appealability of the Board's order was as follows:

[i]n the case before the Honorable Court the two integral [sic] issues to the Workers' Compensation Appeal Board's decision relates to the issue of whether the Board erred in reversing the [WCJ's] determination as to the effect of the answer filed by Defendant in this case and with respect to the Board's reversal of the granting of forfeiture by the [WCJ] below. An ancillary issue in this case is the remand with respect to the A/S [accident/sickness benefits] credit which [Employer] submits does not require the administrative discretion of the [WCJ] below but merely requires actions consistent with the opinions of the Board.

Employer's brief at p. 14.

In an opinion dated August 18, 1999, we agreed with Claimant that the Board's order remanding this matter to the WCJ for the purpose of allowing the WCJ to make factual findings with respect to the nature of the payments received by Claimant from the sickness/accident or other disability pensions and for the calculation thereof pursuant to this court's decision in *Toborkey* did not come within the ambit of Pa. R.A.P. 311(f)(1) because such factual findings and calculations by the WCJ inevitably involve the exercise of discretion. (In

*Toborkey,* this court indicated that the crucial inquiry in determining whether an employer is entitled to credit against Workers' Compensation benefits paid for payments made to injured employees by sickness/accident policies or disability pensions is whether the "payments are made in the nature of wages or are in lieu of compensation." *Toborkey,* 655 A.2d at 640).

Because the Board's order remanding the case to the WCJ patently required the WCJ to exercise administrative discretion and because Employer did not in its brief to this court provide any alternative basis for this appeal being properly before us, we quashed the appeal as being from an interlocutory unappealable order. Because we quashed Employer's petition for review as being from an interlocutory unappealable order and Claimant filed its petition for review only for protective purposes and because Employer had moved to quash Claimant's petition for review essentially on those same grounds as being from an interlocutory order, we quashed Claimant's petition for review as well.

Thus, with the appeals of Employer and Claimant quashed by this Court, this case remained at the WCJ level, as per the Board's August 11, 1998 order, for the purpose of allowing the WCJ to issue "Findings of Fact on whether or not [Employer] is entitled to a credit for monies Claimant was paid under sickness or other disability pensions." However, progress on the case was stalled due to numerous continuances. Then, Magee began a course of action which greatly complicated the efforts of this Court and the Board to get further findings of fact and conclusions of law from the WCJ regarding Employer's entitlement to a credit for the sickness and accident benefits received by Claimant. On November 12, 2002, apparently not content with the slow pace at which

this case was moving, Magee had a judgment entered against Employer by the Court of Common Pleas of Philadelphia County. In addition, Magee also had the court of common pleas issue a Writ of Execution in the amount of $72,885.12, which represented the amount of the sickness and accident credit, and also attempted to have the Sheriffs of Philadelphia and Berks Counties serve the Writ on Employer and levy its property to satisfy the judgment. Before this judgment could be enforced, Employer filed a Petition to Strike the judgment entered on November 12, 2002. In its Petition, Employer asserted, in relevant part, that:

1. On or about November 12, 2002 Claimant/Appellant illegally and improperly obtained a money judgment against [Employer] and its third party administrator Travelers Insurance/Property Company . . .

. . .

11. Pursuant to the decision of Judge Burman on December 8, 1995, [Employer has been] making payment to [Claimant] allowing for sickness and accident credit at the monthly rate of $529.13 . . .

12. There has been no other decision or opinion issued in the workers' compensation litigation or any other Court which has the effect of reversing Judge Berman's decision and Order to allow for the sickness and accident credits at a monthly rate of $529.12 . . .

13. Litigation is still pending at the Worker's Compensation Judge level in this case pursuant to the Worker's Compensation Appeals Board decision to allow the [WCJ] to consider other factors which may affect credit amounts based on [the *Toborkey* case] . . .

. . .

16. The Court of Common Pleas has no authority and no jurisdiction to enter a judgment on pending Worker's Compen-

sation litigation, when there is no award to plaintiff for the amount requested

On November 20, 2002, the court of common pleas stayed all proceedings and issued a Rule to Show Cause why Employer's Petition to Strike the judgment should not be granted. On December 17, 2002, Magee filed a Notice of Appeal with the Superior Court from the November 20, 2002 order. Then, despite the stay order, on or about December 27, 2002, Magee again attempted to execute the money judgment. On December 30, 2002, Employer obtained an emergency hearing at which the common pleas Judge orally advised Magee to desist from executing the judgment because of the stay. Magee apparently still disregarded the stay and attempted to execute the judgment. Because of this, the Judge sent Magee's attorney a letter dated January 10, 2003 stating that "I suggest that it is your responsibility to immediately withdraw any outstanding execution/garnishment proceedings in that they are in violation of my order." The Judge also issued an order dated January 10, 2003 stating that "this Court having been advised that Plaintiff in the above matter has commenced, and/or continued execution proceedings in violation of this Court's Order staying all proceedings dated November 20, 2002, it is hereby ORDERED and DECREED that the stay of all proceedings shall continue until further Order of Court."

On January 15, 2003, Magee filed an appeal of the common pleas Judge's December 30, 3002 "oral order" with this Court. Because there was no actual written order, Magee filed a Praecipe for entry of an adverse order as well. Employer also filed a separate Motion to Quash with regard to this appeal.

On January 24, 2003, the Superior Court quashed Claimant's appeal to that Court

because it was an appeal of an interlocutory order. Also on January 24, 2003, Magee filed another appeal with this Court from the January 10, 2003 order. On January 28, 2003, the common pleas Judge issued an opinion stating that Magee's appeal of the November 20, 2002 order was an appeal of an interlocutory order and should therefore be quashed.

Employer filed Motions to Quash Magee's two appeals and, on March 12, 2003, a hearing was held before a single Judge of this Court.[2] In its Motions to Quash, Employer argued that: 1) this Court has no jurisdiction to hear Claimant's appeal of a Philadelphia Court of Common Pleas Judge, as this appeal does not fall into any of the categories set forth in 42 Pa.C.S. § 762 (jurisdiction of Commonwealth Court; Appeals From Courts of Common Pleas). Magee's appeal may have been properly directed to the Superior Court. However, the Superior Court quashed Magee's appeal and 2) regardless of jurisdiction, an order granting a stay pending the final outcome on the merits is interlocutory in nature, does not dispose of all the claims of all the parties, was not expressly defined as a final order and was not entered as a final order.[3]

At the same time, this Court heard arguments on Magee's "Petition to Enforce the Prior Orders of this Court and the Board Denying Employer's Supersedeas/Stay Pending Continued Remanded Compensation Litigation and/or for Peremptory Mandamus/Prohibition Pursuant to Pa. R.A.P. 123, 2591(b)." (Petition to Enforce).[4]

Magee's argument in this Petition to Enforce can be summarized as follows: On September 16, 1998, the Board denied Employer's Petition for Supersedeas and, prior to this Court's August 18, 1999 opinion quashing Employer's and Claimant's appeal, this Court also denied Employer's Petition for Supersedeas. Therefore, Magee argues that "[d]espite ... the Board's 8/11/98 order as well as the respective orders by the Board and this Court denying supersedeas pending continued compensation litigation on remand, employer ... withheld and continues to withhold from the full amount of temporary total disability benefits awarded, the total amount of $72,885.12 plus interest to date, representing its alleged sickness and accident credit claims which remain pending and undecided by WCJ Snyder, which is patently illegal and contrary to the Act, decisional law and the foregoing orders and decisions by the Board and this Court obligating employer ... to pay the full

---

**2.** Pa. R.A.P. 123(e) provides that: **"Power of Single Judge to Entertain Applications.** In addition to the authority expressly conferred by these rules or by law or rule of court, a single judge of an appellate court may entertain and may grant or deny any request for relief which under these rules may properly be sought by application ..."* The author of this opinion was the "duty judge" who presided over this hearing.

**3.** *See* Pa. R.A.P. 341:
> (a) General Rule. Except as prescribed in subdivisions (d), and (e) of this rule, an appeal may be taken as of right from any final order of an administrative agency or lower court.

(b) Definition of Final Order. A final order is any order that:
(1) disposes of all claims and of all parties; or
(2) any order that is expressly defined as a final order by statute; or
(3) any order entered as a final order pursuant to subdivision (c) of this rule.

**4.** Pa. R.A.P. 2591(b) provides that:
> **(b) Enforcement of appellate court orders.** At any time, upon its own motion or upon application, an appellate court may issue any appropriate order requiring obedience to or otherwise enforcing its judgment or other order.

amount of benefits awarded without any reduction from its pending and undecided alleged claims for sickness and accident credits within thirty days of the Board's order denying supersedeas!"

On March 13, 2003, this Court issued an order quashing Magee's two appeals and denying her Petition to Enforce. Further, we remanded this case to the Board, for further remand to the WCJ, to allow the WCJ to conduct any necessary hearings and issue a final decision within sixty (60) days regarding whether or not Employer is entitled to a credit for monies Claimant was paid under any sickness or other disability pensions. However, according to Employer's brief, this hearing has not been conducted because Magee appealed our March 13, 2003 order to the Supreme Court, which has not yet issued a decision.

In addition to the other numerous appeals, motions, and petitions mentioned above, Magee had also filed a Penalty Petition directly with the Board on November 27, 2002. In this Penalty Petition, Magee raises the same issues that she raised in the appeals that were the subject of our March 13, 2003 order. On February 5, 2003, the Board issued a decision denying Magee's Penalty Petition, stating that although Section 435(d) of the Workers' Compensation Act (Act)[5] "provides this Board with the authority to impose penalties for violations of the Act, we decline to do so in this case. The most appropriate alternative for Claimant is to file a Petition for Penalties with the Bureau of Workers' Compensation." (Board's February 5, 2003 opinion, p. 3). It is this decision which is the subject of this appeal.[6]

On appeal, Magee argues that the Board erred by denying her Penalty Petition. We disagree. On December 8, 1995, a WCJ determined that Employer was entitled to a *credit* for sickness and accident benefits received by Claimant. After that order, Employer properly paid Claimant benefits, minus the credit for sickness and accident benefits. Then, on August 11, 1998, the Board *remanded* this case to the WCJ for further Findings of Fact and Conclusions of Law on the credit issue. The Board *did not* reverse the WCJ's order that Employer was entitled to a credit for these benefits; it only remanded this issue. Both parties appealed the Board's decision to this Court, and we quashed their appeals because this issue was still before the WCJ on remand.

Magee seems to argue that because the Board and this Court issued orders denying Employer a supersedeas, Claimant is entitled to payment of the sickness and accident benefits, but Magee's argument is incorrect. Employer has never been ordered to pay these benefits and Employer was not seeking a supersedeas to avoid paying these benefits. Rather, Employer sought a supersedeas from the Board and this Court with regard to the Board's reversal on the forfeiture issue. This request for supersedeas was denied and thereafter Employer has properly paid Claimant benefits for the work-related injury minus a credit for the sickness and accident benefits pursuant to the WCJ's December 8, 1995 decision. Employer was not seeking a supersedeas on the sickness and accident credit issue because the Board did not reverse the WCJ on this

---

5. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 991(d).

6. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek),* 537 Pa. 32, 640 A.2d 1266 (1994).

issue; it only remanded for more findings. Therefore, Claimant's effort to get this money by attempting to have a Writ of Execution issued against Employer was improper. Because Claimant has never received an award of benefits which includes payment of the sickness and accident benefits, Employer has not violated the Act by paying Claimant benefits minus a credit for the sickness and accident benefits which Claimant received. Rather, Employer has correctly been following the WCJ's December 8, 1995 decision and order. As such, the Board did not err by denying Magee's Penalty Petition.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, September 25, 2003, the order of the Workers' Compensation Appeal Board docketed at MISC 6505 and dated February 5, 2003 is hereby AFFIRMED.