William Irby was employed by Fort James Operating Company ("Fort James") for 32 years. In July 1997, while practicing with the Fort James fire-prevention department on a riverbank, Irby stepped onto a rock, the rock moved, and he fell and seriously injured his ankle. He underwent numerous surgeries to repair the damage. His doctors allowed him to return to work, but under certain restrictions limiting his activities.
When Irby was physically able to return to Fort James, Fort James told him that it had no job that fell within the restrictions under which Irby could work. Irby then decided that he would retire. From April 23, 1998, just after Irby applied for disability benefits, until June 21, 1998, the date he retired, Irby received $335 per week in sickness-and-accident benefits. Those benefits totaled $2,823.57. The benefits were administered by Aetna Life Insurance Company ("Aetna") but were paid from Fort James's funds. *Page 296 
Irby eventually sued Fort James seeking workers' compensation benefits. Fort James pleaded several affirmative defenses, one of which was that it was "entitled to a credit against its compensation liability for all payments made to [Irby] due to his ankle injury out of the sickness and accident benefit plan provided by [Fort James]."
On September 20, 2002, the trial court for the workers' compensation action entered a judgment finding Irby permanently and totally disabled and awarding him the corresponding disability benefits, as well as future medical expenses and "other benefits as provided by the workers' compensation law of Alabama existing on July 10, 1997," which was the date that Irby was injured. The court also found that Fort James was not entitled to a setoff for any sickness-and-accident benefits it may have provided to Irby.
Fort James filed a postjudgment motion seeking to have the court alter, amend, or vacate its judgment for the same reasons Fort James now asserts on appeal. The trial court denied this motion. Fort James then appealed to the Court of Civil Appeals, which affirmed in part and reversed in part the judgment of the trial court. Fort James Operating Co. v. Irby, 895 So.2d. 282 (Ala.Civ.App. 2004). Fort James then petitioned this Court for a writ of certiorari, which we granted to review two issues:
 1. Whether Ala. Code 1975, § 25-5-57(c)(1), allows Fort James a setoff for the $2,823.57 in sickness-and-accident benefits it paid Irby as a result of the injury to his ankle; and
 2. Whether the trial court's award to Irby of "other benefits" was proper.
We reverse and remand.
 Standard of Review
"On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals." Exparte Toyota Motor Corp., 684 So.2d 132, 135 (Ala. 1996). The Court of Civil Appeals, in turn, is bound by Ala. Code 1975, §25-5-57(e), which provides that legal issues are to be reviewed de novo and requires that the judgment of the trial court be affirmed if its factual findings are supported by substantial evidence.
 I. Setoff for Sickness-and-Accident Benefits
Ala. Code 1975, § 25-5-57(c)(1), a part of the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975, provides:
 "(c) Setoff for other recovery. In calculating the amount of workers' compensation due:
 "(1) The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted."
We have explained that this subsection allows an employer to "reduce the amount of workers' compensation benefits due by the amount of benefits paid or payable under a qualifying disability, retirement, or sick pay plan." Ex parte Dunlop Tire Corp.,706 So.2d 729, 731 (Ala. 1997). Thus, any payment by Fort James under such a qualifying plan would reduce its obligation to Irby for workers' compensation benefits by that amount. In this case, the amount at issue is $2,823.57, or $335 per week. *Page 297 
The first issue we must address is the proper burden of proof. The party asserting an affirmative defense bears the burden of proof on that defense. Green Tree Fin. Corp. of Alabama v.Wampler, 749 So.2d 409, 415 (Ala. 1999). In workers' compensation issues, other than certain threshold issues of compensability, the party bearing the burden of proof must meet that burden by a preponderance of the evidence. Ala. Code 1975, §25-5-81(c). Yet the trial court found that Fort James had not proven by "clear and convincing evidence" that Fort James had paid Irby sick pay. We hold that the trial court erred in requiring Fort James to prove by "clear and convincing evidence" that it had paid Irby sick pay.
The second issue for our review is whether Fort James met its burden of proof with regard to the setoff. The trial court, applying the clear-and-convincing-evidence standard, held that Fort James did not. The Court of Civil Appeals upheld the trial court's decision to deny the setoff under the rationale ofToborkey v. Workmen's Comp. Appeal Bd., 655 A.2d 636
(Pa.Commw.Ct. 1995), approved by this Court in Ex parte DunlopTire Corp., supra. In Toborkey, the court explained that "sick leave" was "`an incident or benefit provided under the work agreement and is an entitlement like wages for services performed.'" Toborkey, 655 A.2d at 638 (quoting Temple v.Pennsylvania Dep't of Highways, 445 Pa. 539, 542, 285 A.2d 137,139 (1971)). On this authority, the Toborkey court denied any setoff of workers' compensation benefits for amounts paid for sick leave. However, upon a closer examination of Toborkey, it appears that that court distinguished "sick leave" from "sick pay." 655 A.2d at 639. Sick pay, noted the court, is earned "not in the nature of wages but, rather, [as] payment provided inlieu of compensation, based on the claimant's inability to work." Toborkey, 655 A.2d at 639 (footnote omitted; emphasis added).
Fort James argues that its provision of sickness-and-accident benefits constitutes "sick pay," as defined by the Toborkey
court, and not "sick leave." Irby does not challenge this definition. Rather, he argues that Fort James has not produced any evidence indicating who funded the sickness-and-accident benefits. Yet one of the exhibits introduced by Fort James at trial, and which Irby cites, clearly states, "[the sickness-and-accident] benefits are not insured by [Aetna] but will be paid from the Employer's funds." Irby offers no evidence to contradict that statement.
Irby argues that even if Fort James paid those benefits out of its funds, he received them because he was unable to work, not because he was disabled. However, this distinction is irrelevant. Irby was paid under a "Temporary Disability Benefit" plan maintained by Fort James that covered any "time lost from work" as the result of an injury. Fort James is allowed the setoff for any plan contemplated by Ala. Code 1975, § 25-5-57(c)(1), including one that merely provides "sick pay." In fact, "disability" plans and plans providing for sick pay are listed separately in that statute.
Fort James has provided substantial evidence indicating that it was the sole source of funding for the plan. Irby has not offeredany evidence indicating that he funded any portion of his sick-pay plan. Therefore, we conclude that the Court of Civil Appeals erred in affirming the trial court's order denying Fort James a setoff of the workers' compensation benefits for the sickness-and-accident benefits Fort James had paid to Irby. We reverse its judgment on this issue. *Page 298 
 II. Other Benefits
The trial court awarded Irby "[o]ther benefits prescribed by the Worker's Compensation Law of the State of Alabama as existing on July 10, 1997." Fort James argues that this award is too broad and unspecific. Irby argues that, because the Workers' Compensation Act entitles him to certain benefits, he should be awarded those benefits and the trial court's order should be read to mean only those benefits.
Ala. Code 1975, § 25-5-81(a) requires the trial court to make a "conclusive" decision on the action. A decision providing for "other" unnamed benefits lacks a conclusive nature; it implies that further proceedings must take place to determine just what those "other benefits" are. Moreover, Ala. Code 1975, § 25-5-81(c) sets the employee's burden of proof at either a preponderance of the evidence or proof by clear and convincing evidence. Whatever the particular burden Irby bore at trial, that burden was toprove that he was entitled to certain benefits.
As Fort James explains, the Workers' Compensation Act provides for several different benefits, only some of which concern the narrow issue of compensation for an employee's disability. The Workers' Compensation Act provides for workers' compensation payments, Ala. Code 1975, § 25-5-57; medical expenses, Ala. Code 1975, § 25-5-77(a) and (b); vocational rehabilitation, Ala. Code 1975, § 25-5-77(c) through (e); reimbursement of mileage, Ala. Code 1975, § 25-5-77(f); and penalties for overdue compensation, Ala. Code 1975, § 25-5-59. Fort James cannot and should not be expected to allot funds "just in case" Irby later decides to claim benefits to which he does not now but later may believe he is entitled. The law must have more predictability than to allow such retroactive claims. We hold that the Court of Civil Appeals erred in affirming the trial court's order awarding "other benefits" to Irby.
 Conclusion
We reverse the judgment of the Court of Civil Appeals and remand the case for that court to remand this matter to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.