LYONS, Justice.
Manu C. Patel sued Management Enterprise Development and Services, Inc. (hereinafter “MEDS”); Stanley McCall, the chief executive officer of MEDS; and Willow Run Nursing Center, Inc. (hereinafter “Willow Run”), a facility developed by MEDS (hereinafter collectively “the MEDS parties”), alleging breach of contract. The trial court entered a summary judgment in favor of the MEDS parties. Patel then appealed to the Court of Civil Appeals. The Court of Civil Appeals affirmed the summary judgment, without an opinion. Patel v. Management Enter. Dev. & Servs., Inc. (No. 2050839, January 12, 2007), — So.2d - (Ala.Civ.App.2007) (table). Patel then petitioned this Court for a writ of certiorari, and we granted certiorari to consider only whether the Court of Civil Appeals’ affirmance of the trial court’s judgment is in conflict with our settled authority requiring that, on a motion for summary judgment, the evidence is to be viewed most favorably to the nonmovant. We reverse and remand.
I. Facts and Procedural History
Patel alleged that the MEDS parties breached a contract to compensate him for his work in assisting MEDS in obtaining a loan from Colonial Bank. Patel, who describes himself as a financial consultant, had previously assisted Willow Run in obtaining financing. Patel contends that after McCall told him that he was experiencing difficulty obtaining financing from Colonial Bank for the development of Willow Run, Patel told McCall that he could help MEDS obtain the financing. According to Patel, “[wjithin a month or so” of this conversation, Patel and McCall entered into an oral contract pursuant to which MEDS would pay Patel a fee of 1% of the financed amount in exchange for Patel’s assistance in obtaining a loan from Colonial Bank. The agreement, according to Patel, called for MEDS to pay the fee in monthly installments of $10,000, to begin once the financing had been obtained and to continue until the fee was paid in full. Patel also alleges that after the loan was obtained in the amount of $4,700,000, he and McCall entered into an oral agreement specifying that the fee was $47,000 or 1% of the amount of the loan.
After the loan had been finalized, Patel sent McCall an e-mail referring to “your commitment” to pay Patel $10,000 per month until the fee of $47,000 was paid. MEDS then made two $10,000 payments in consecutive months. After a hiatus of two months, during which MEDS made no payment to Patel, MEDS e-mailed Patel stating, ‘WE DO NOT HAVE THE MONEY YET .... WE HAVE NOT IDENTIFIED THE MONEY TO PAY YOU AS OF YET.” A month later, McCall sent Patel an e-mail stating, in pertinent part: “Whatever I do for Willow Run Nursing *959 Center will be because I personally choose and not because of any legal obligations.” MEDS made no further payments to Patel. MEDS denies that it entered into any contract with Patel, and it disputes Patel’s involvement in procuring the loan from Colonial Bank.
II. Standard of Review
Because we are reviewing the Court of Civil Appeals’ affirmance of a summary judgment, our review is de novo. “On certiorari review, this Court accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.” Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996). The law is well established that a de novo standard applies to appellate review of a trial court’s summary judgment. Ex parte Fort James Operating Co., 895 So.2d 294 (Ala.2004).
III. Analysis
Patel argues that the Court of Civil Appeals erred in affirming the summary judgment in favor of the MEDS parties because, he argues, the Court of Civil Appeals (1) did not review the evidence in the light most favorable to him as the nonmov-ant, and (2) did not resolve all reasonable doubts regarding the evidence in his favor. The MEDS parties argue that the Court of Civil Appeals properly affirmed the summary judgment because, they argue, there is no basis from which to reasonably infer the existence of a valid contract between Patel and the MEDS parties. The MEDS parties specifically argue that without making impermissible inferences in favor of Patel, the fact-finder could not conclude that the consideration required for a valid contract existed because, they argue, the alleged promise to pay Patel occurred after Patel contends that he performed the alleged contract.
A summary judgment is properly granted when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. See Rule 56(c)(3), Ala. R. Civ. P. To determine whether the evidence creates a genuine issue of material fact, “[the appellate court] must review the record in the light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant.” Ex parte Steadman, 812 So.2d 290, 293 (Ala.2001) (citing Pryor v. Brown & Root USA, Inc., 674 So.2d 45, 47 (Ala.1995)). In a breach-of-contract action, no genuine issue of material facts exists “where the contract is unambiguous and the facts undisputed.” P & S Bus., Inc. v. South Cent. Bell Tel. Co., 466 So.2d 928, 931-32 (Ala.1985).
The MEDS parties contend that Patel’s deposition testimony, to the effect that “once the loan was confirmed, Mr. McCall agreed to pay me $47,000,” establishes that, as a matter of law, the promise by McCall took place after the loan had been obtained and that, therefore, no consideration for payment for the rendition of previous services existed. The MEDS parties, as did the Court of Civil Appeals, rely upon Gregory v. Hardy, 53 Ala.App. 705, 304 So.2d 209 (Ala.Civ.App.1974), which provides that for mutual promises to be enforceable the promises “ ‘must be concurrent, that is, they must become obliga-tiory [sic] at the same time; otherwise each is a nudum pactum at the time it is made, and neither will support the other. Promises made at different times on the same day are not sufficient.’ ” 53 Ala.App. at 712, 304 So.2d at 215 (quoting 17 C.J.S. Contracts § 98).
*960 Only by construing Patel’s testimony most favorably to the MEDS parties can we conclude that the MEDS parties’ agreement to pay Patel $47,000 (1% of the $4,700,000 loan obtained from Colonial Bank) constituted the entire agreement concerning his compensation for his services. Such a construction totally overlooks Patel’s testimony to the effect that an agreement was reached “within a month or so” of the original conversation between Patel and McCall concerning MEDS’s difficulty in obtaining a loan.[1] Obviously, until the amount of the loan was fixed, there could be no agreement as to the exact dollar amount of any fee.
When all the evidence is viewed in a light most favorable to Patel and all reasonable inferences are made in his favor, a genuine issue of material fact exists regarding whether there was a valid contract between Patel and the MEDS parties. Specifically, an inference that Patel and the MEDS parties entered into a valid oral contract before Colonial Bank provided financing is reasonable from Patel’s testimony that MEDS agreed to pay him a fee of 1% of the amount of the loan ultimately obtained. A jury question therefore exists as to whether a valid contract existed between the parties. Therefore, we must reverse the Court of Civil Appeals’ judgment affirming the summary judgment in favor of the MEDS parties.
IV. Conclusion
We reverse the judgment of the Court of Civil Appeals and remand the cause to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK, J., recuses himself.

. The briefs and record appear to be silent as to the date Colonial Bank committed to loan MEDS $4,700,000. However, the MEDS parties have not submitted any evidence in support of their motion for a summary judgment establishing that the loan had already been obtained at the time of any alleged agreement between Patel and McCall.