# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alex Hostina, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 546 C.D. 2017 |
| | : Submitted: January 12, 2018 |
| Workers' Compensation Appeal | : |
| Board (Allied Chemical Corp., | : |
| Brighthouse Life Insurance and | : |
| Travelers Indemnity Company), | : |
| | : |
| Respondent | : |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                    **FILED:  February 22, 2018**


Alex Hostina (Claimant) petitions for review of the April 6, 2017 order of the Workers' Compensation Appeal Board (Board) that affirmed the May 16, 2016 remand decision and order of the Workers' Compensation Judge (WCJ) concluding that Allied Chemical Corporation (Employer) was entitled to a disability pension offset at a monthly benefit rate of $529.13 for the period of March 1, 1989 to December 19, 1995 against benefits paid to Claimant pursuant to the Workers' Compensation Act[1] (Act).  For the following reasons, we affirm the order of the Board.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[2] Our scope of review is limited to determining whether there has been a violation of constitutional rights, an error of law or whether necessary findings of fact are supported by substantial evidence.

This Court, as well as the Board, has previously addressed the lengthy and complex history of this case and it is not necessary to recount it here. *See, e.g., Hostina v. Workers' Compensation Appeal Board (Allied Signal, Inc.)*, 832 A.2d 1157 (Pa. Cmwlth. 2003). Rather, the dispute before us distills to the issue of whether or not Employer is entitled to an offset against workers' compensation benefit payments for disability pension payments made to Claimant.

In 1996, the General Assembly passed the Act of June 24, 1996, P.L. 350 (Act 57), which amended Section 204(a) of the Act to permit an employer to take an offset or credit against an award of workers' compensation benefits for pension benefits paid to a claimant "to the extent funded by the employer directly liable for the payment of compensation." Section 3 of Act 57, 77 P.S. § 71(a). Prior to the enactment of Act 57, "employers were allowed to take an offset or credit for pension benefits, as long as those benefits were paid in lieu of workers' compensation, and were not in the nature of deferred compensation." *City of Philadelphia v. Workers' Compensation Appeal Board (Grevy),* 968 A.2d 830, 837 (Pa. Cmwlth. 2009). Section 32.1(a) of Act 57 provides that the amendment "shall apply only to claims for injuries which are suffered on or after the effective date of this section." Claimant's work-related injury date is October 5, 1983, which is some years prior to the effective date of Act 57. (May 16, 2016 WCJ Op., Findings of Fact (F.F.) ¶2(c).) As a result, the issue of whether Employer is entitled to an offset turns upon the question of whether the payments Employer made to Claimant were due to Claimant's inability to perform labor or were deferred compensation owed to Claimant.

---

*Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

For example, in *Toborkey v. Workmen's Compensation Appeal Board (H.J. Heinz)*, 655 A.2d 636 (Pa. Cmwlth. 1995), this Court examined whether an employer was entitled to a credit against workers' compensation benefits for death and disability insurance payments and for monthly disability pension payments paid to a claimant. Addressing the death and disability insurance first, this Court held that employer was not entitled to a credit because the "payment is not in the nature of sickness and accident benefits, paid with the intent to compensate [claimant] for his work-related injury, but, rather, is an accrued benefit more similar to sick leave." *Id*. at 640. Next, the Court examined the disability pension payments and concluded that the claimant's disability pension is:

> 1) an accrued entitlement which has been built up as a result of his services for Employer, 2) a benefit to which he would be entitled regardless of whether his disability is compensable, and 3) deferred compensation, rather than payments in relief of his inability to labor.

*Id*. at 641. As a result, this Court reversed the Board in *Toborkey* and held that because the payments were wages for services performed rather than payments in relief of the claimant's inability to labor, the employer was not entitled to a credit against workers' compensation benefits paid. *Id*.

In the instant matter, the Board examined the evidence found by the WCJ and determined, as the WCJ had below, that the evidence clearly supports the conclusion that the payments made by Employer to Claimant were due to his inability to work and were not a form of compensation to which Claimant was otherwise entitled. Before this Court, Claimant argues that Employer failed to meet its burden to demonstrate that it is entitled to an offset, that the WCJ's decision was not reasoned, and that the Board misapplied the law in affirming the WCJ. We agree

3

with the Board that the WCJ did not err in concluding that Employer was entitled to an offset against the workers' compensation benefits for the disability pension payments Employer paid to Claimant.

In workers' compensation proceedings, the WCJ is the ultimate finder of fact and sole arbiter of credibility. *Coker v. Workers' Compensation Appeal Board (Duquesne Light Company)*, 856 A.2d 257, 260 (Pa. Cmwlth. 2004). As the fact finder, the WCJ may accept or reject the testimony of any witness, in whole or in part. *Pocono Mountain School District v. Workers' Compensation Appeal Board (Easterling)*, 113 A.3d 909, 918 (Pa. Cmwlth. 2015). It is within the exclusive province of the WCJ to weigh and resolve conflicts in the evidence. *Allegheny Ludlum Corp. v. Workers' Compensation Appeal Board (Bascovsky)*, 977 A.2d 61, 71 (Pa. Cmwlth. 2009); *Coker*, 856 A.2d at 260. Section 422(a) of the Act requires that the WCJ's decision contain findings of fact and conclusions of law based upon the evidence as a whole, and that the decision clearly state the reasoning that led to the WCJ's ultimate determination, thereby allowing the Board and, upon further review, the courts to conduct meaningful appellate review. 77 P.S. § 834.[3] Section

---

[3] Section 422(a) of the Act provides that:

> Neither the board nor any of its members nor any workers' compensation judge shall be bound by the common law or statutory rules of evidence in conducting any hearing or investigation, but all findings of fact shall be based upon sufficient competent evidence to justify same. All parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached. The workers' compensation judge shall specify the evidence upon which the workers' compensation judge relies and state the reasons for accepting it in conformity with this section. When faced with conflicting evidence, the workers' compensation judge must adequately explain the reasons for rejecting or discrediting

4

422(a) of the Act does not alter the WCJ's quintessential function as the fact-finder but rather requires that the WCJ provide some articulation of the objective basis for credibility determinations of witnesses who did not provide live testimony and the resolution of conflicting evidence. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1051 (Pa. 2003); *Dorsey v. Workers' Compensation Appeal Board (Crossing Construction Co.)*, 893 A.2d 191, 195 (Pa. Cmwlth. 2006).

In the instant matter, the WCJ thoroughly reviewed the evidence and made numerous findings of fact. The WCJ articulated the reasons for crediting testimony and for finding that other testimony lacked credibility. In issuing the determination, the WCJ adhered to the standard required by Section 422(a), thereby facilitating meaningful appellate review by the Board and this Court.

Before the WCJ, both Claimant and Employer offered testimony. Claimant offered the testimony of James McHale, who had served as President of Local 8667 of the Oil, Chemical, Atomic Workers (OCAW) International Union, and who negotiated pension agreements during his tenure. (May 16, 2016 WCJ Op., F.F. ¶¶7(b)&(c).) Mr. McHale testified that he no longer had a copy of the pension plan in effect at the time of Claimant's work-related injury but that he would have never agreed to a pension plan option that included a disability pension as payment for an inability to work. (*Id.* F.F. ¶7(e).)

---

competent evidence. Uncontroverted evidence may not be rejected for no reason or for an irrational reason; the workers' compensation judge must identify that evidence and explain adequately the reasons for its rejection. The adjudication shall provide the basis for meaningful appellate review.

77 P.S. § 834.

Employer offered the testimony of Marianne Altieri, who began working in Employer's pension department in 1982 and at the time of her deposition held the position of Senior Pension Analyst. (*Id*. F.F. ¶21(a)&(i).) She testified that Claimant applied for and received a disability pension based on his inability to work; she further testified that the payments came from a plan to which Claimant did not contribute and instead was a plan fully sponsored and funded by Employer. (*Id*. F.F ¶21(d) & (e).) Ms. Altieri also testified that the disability pension plan contained an offset provision for workers' compensation benefits, which provided, in part, that:

> Any amount paid to or on behalf of any pensioner as reimbursement for loss of earnings resulting from occupational injury or disease for which [Employer] is liable, whether pursuant to Workers' Compensation or occupational disease laws, or arising otherwise from statutory or common law…and any disability payment in the nature of a pension under any Federal or State law shall be deducted from or charged against the amount of any pension payable under this Article V.

(*Id*. F.F. ¶21(f); *see also* Altieri Deposition, Exhibit 1.) In addition to Ms. Altieri's testimony, Employer presented an affidavit of Joyce Lafferty, a Human Resources Representative for Employer, who served as the records custodian for Claimant's pension payments and stated that he received a non-occupational disability benefit fully sponsored by Employer. (May 16, 2016 WCJ Op., F.F. ¶20(b)&(c).) Ms. Lafferty also verified that Employer sent Claimant a letter in 1989 advising him that should his workers' compensation claim be approved, Employer would be entitled to an offset from his pension benefit. (*Id*., F.F. ¶20(d).)

In his findings of fact, the WCJ credited the testimony of Ms. Altieri and found the testimony of Mr. McHale to lack credibility where it conflicted with

6

that of Ms. Altieri. (*Id.*, F.F. ¶¶22-23.) The WCJ explained that Ms. Altieri's testimony was "consistent, cogent and supported by other documentary evidence, including the Employer's Hourly Employees' Pension Plan and the affidavit of Joyce Lafferty." (*Id.*, F.F. ¶22.) The WCJ explained that his determination regarding Mr. McHale's testimony was due to the fact that it was "almost entirely based upon his own recollections and not upon contemporaneous documents," and that Mr. McHale's testimony was inconsistent with the other evidence of record. (*Id.*, F.F. ¶23.) Based upon the credible evidence of record, the WCJ found that,

> The disability pension payments at issue were not an accrued entitlement that had been built up as a result of service to the Employer and were not payments to which Claimant would be entitled regardless of whether Claimant's disability was compensable. This Judge further finds the Claimant's disability pension payments do not represent deferred compensation rather than payments in relief of the Claimant's inability to labor.

(*Id.*, F.F. ¶25.) The WCJ's findings and credibility determinations reflect that Employer satisfied both its burden of production and burden of persuasion, thereby satisfying its ultimate burden of proof. *See, e.g. Topps v. Workers' Compensation Appeal Board (Wickizer)*, 710 A.2d 1256, 1261 n.16 (Pa. Cmwlth. 1998).

Having found that Employer satisfied its burden of proving that the payments to Claimant were not compensation he was already entitled to but were due to his inability to work, the WCJ did not err in concluding that Employer was entitled to credit against workers' compensation benefits and the Board did not err in affirming the WCJ. Claimant contends that in reaching this conclusion, the WCJ misapplied *Toborkey*; however, in making this argument, Claimant merely argues

7

that the WCJ should have interpreted the evidence differently. As a result, Claimant's argument is not that *Toborkey* was misapplied, but that if *Toborkey* were applied to different facts, there would be a different outcome. This is an issue beyond the purview of this Court.

Accordingly, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Alex Hostina, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 546 C.D. 2017 |
| | : |
| Workers' Compensation Appeal | : |
| Board (Allied Chemical Corp., | : |
| Brighthouse Life Insurance and | : |
| Travelers Indemnity Company), | : |
| | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 22nd day of February, 2018, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**